NAGLE LUMBER CO., Appellee,

v.

BETTER BUILT HOMES, Appellant.

No. 53016.

Supreme Court of Iowa.

July 18, 1968.

Earl W. Sutton, of Sutton & Nielsen, Altoona, for appellant.

Shulman, Phelan, Tucker, Boyle & Mullen, Iowa City, for appellee.

STUART, Justice.

The sole question before us here is whether the trial court can rule on a motion for summary judgment when a timely motion for change of venue is also pending. We hold the motion for change of venue takes precedence.

Plaintiff's petition was filed on September 28, 1967 demanding judgment on a promissory note executed by defendant. Plaintiff is a corporation with its principal place of business in Iowa City, Iowa. Defendant is an Iowa corporation with its principal place of business in Polk County, Iowa. The note in the suit is dated at Iowa City, Iowa, February 25, 1967, and states that it is payable to the order of Nagle Lumber Co. at the First National Bank. The note does not state in what city or county the First National Bank is located.

On October 14, 1967 defendant filed a general appearance by its attorneys, Sutton & Nielsen, of Altoona, Iowa.

On October 27, 1967, plaintiff filed a motion for summary judgment supported by an affidavit in accordance with R.C.P. 237 and 238.

On November 3, defendant filed a motion for change of venue on the ground

that it was sued in the wrong county. At the same time it filed a written resistance to the motion for summary judgment. The affidavit in support of the resistance, merely stated defendant had filed a motion for change of venue as a defense to the suit in Johnson County on said promissory note. The trial court sustained the motion for summary judgment without ruling on the motion for change of venue.

Defendant contends it has the right to be sued at its place of residence because no other place of payment was designated in the note, Code of Iowa, sections 616.17 and 616.19, and it is entitled to have the court rule on the venue question before considering a motion for summary judgment. Plaintiff contends a motion for summary judgment should have priority over a motion for change of venue unless the resistance to the motion for summary judgment alleges a good defense.

R.C.P. 238 provides: "Plaintiff making a claim described in rule 237 may file a motion for summary judgment thereon at any time after defendant appears, before or after answer. He shall support the motion by affidavit of himself or some person with personal knowledge of the facts, verifying the claim and the amount of money, if any, yet due thereon, and his belief that no defense exists against it. * * * Judgment shall be entered as prayed in the motion unless within ten days after it is filed, or such other time as the court may, for good cause, allow, the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend. Hearing on the motion, if thus resisted, shall be as provided in rule 117. The court may, on plaintiff's motion, strike any affidavits filed by defendant which it finds insufficient, frivolous or made only for delay."

R.C.P. 175(a) provides: "An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county. Thereupon the court shall order the change at plaintiff's cost, which may include reasonable compensation for defendant's trouble and expense, including attorney's fees, in attending in the wrong county."

■ The summary judgment procedure seeks to expedite litigation when there is no factual issue and to forestall delaying tactics when defendant has no meritorious defense. However, this salutary objective must give way to the more basic right of a defendant to be sued in the county of his residence. We believe this summary remedy presupposes that the action was brought in the proper county.

■ Defendant's right is more extensive than having factual issues decided by the proper court. He is entitled to be sued in the ·county of his residence. A court in ruling on a motion for summary judgment is performing a judicial function which may finally decide the case. The judge must determine whether the affidavit shows sufficient facts to permit a defense and may strike any affidavit it finds insufficient, frivolous or made for delay. Defendant is entitled to have these questions decided by the court of proper venue. Once the venue question has been raised, it should be decided before the court proceeds to consider other matters.

Although not directly in point, Kell v. Lund, 99 Iowa 153, 158, 68 N.W. 593, 595, supports this position. There, the trial court overruled a motion for change of venue and sustained plaintiff's demurrer to defendant's answer. We said: "In the case at bar the district court of Polk County, by erroneously overruling the motion to change the place of trial to Kossuth County, was without authority of law to proceed further with the case. All subsequent proceedings will be set aside * *."

Although R.C.P. 175(a) is somewhat confusing, the use of "thereupon" indicates the intention for such motion to have priority.

■ Nothing said herein is to be taken as indicating we believe defendant is en-

titled to a change of venue. We express no opinion on that matter. We merely hold defendant is entitled to a hearing and ruling on his motion for change of venue and that the motion for summary judgment cannot be considered prior to such ruling.

The trial court is reversed and the case remanded for further proceedings in accordance herewith.

Reversed and remanded.

All Justices concur.