Jerry MIDTHUN, Appellant,

v.

Joel I. PASTERNAK, Individually and as an Agent for Polk County, Appellees.

No. 86–1737.

Supreme Court of Iowa.

March 16, 1988.

---

William J. Conroy, Jr., and Joseph G. Bertogli, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Plaintiff Jerry Midthun appeals from summary judgments in favor of defendant Joel I. Pasternak, a district associate judge, and defendant Polk County in an action brought pursuant to 42 U.S.C. section 1983. For reasons indicated in this opinion, we affirm the judgments of the district court.

The record reflects the following facts underlying the claims which have been brought in this action. On January 30, 1986, plaintiff appeared before District Associate Judge Pasternak and pled guilty to forty-nine of fifty misdemeanor traffic citations issued to him by the West Des Moines Police Department. The judge assessed a fine, a surcharge, and court costs totaling $2236.75. Although the import of that sentencing order is not entirely clear, it appeared to provide that, if the total sum was not paid forthwith, plaintiff would be sentenced to 194 days in the county jail.

Plaintiff appealed this sentence to a district court judge who ruled on May 8, 1986, that Judge Pasternak acted improperly in (1) imposing an automatic jail sentence for nonpayment of a fine, and (2) issuing a sentence with a potential for incarceration to a defendant acting without assistance of counsel. As a consequence of those conclusions, Judge Pasternak's sentencing order was vacated by the district judge and all charges were remanded for disposition by a judge of the misdemeanor division other than Judge Pasternak. The actual disposition on the several traffic charges does not appear in the record of the present civil action.

On July 29, 1986, plaintiff filed the present civil action seeking money damages for civil rights violations under 42 U.S.C. section 1983 and for negligence. The case in the district court is captioned:

JERRY MIDTHUN, Plaintiff,

vs.

JOEL I. PASTERNAK, Individually and as an Agent for POLK COUNTY, Defendants.

Money damages were demanded against the defendant county, as well as Judge Pasternak. Because the county was a party in a case where a jury had been demanded, plaintiff moved for a change of venue under Iowa Rule of Civil Procedure 167(a).

Polk County appeared in the action and moved for summary judgment on the ground that Judge Pasternak was not its agent. The district court, on August 25, 1986, ruled on the county's motion for summary judgment prior to considering plaintiff's motion for change of venue. It granted Polk County's motion on the ground that it appeared as a matter of law that the county had no *respondeat superi-*

*or* liability for Judge Pasternak's actions. After disposing of the county's motion for summary judgment, the court denied plaintiff's motion for change of venue on the ground that the county was no longer an active party in the case.

The defendant judge also moved for summary judgment. His motion stated that the action complained of was taken in his official capacity as a judge and consequently he enjoyed absolute immunity for his acts. On September 18, 1986, plaintiff, relying on Iowa Rule of Civil Procedure 237(f), requested that no ruling be made on the judge's summary judgment motion until discovery was completed. That request was not supported by affidavit. That request was denied by the district court. A hearing was thereafter scheduled on the summary judgment motion for October 17, 1986.

Two days prior to the scheduled hearing plaintiff asked for leave to amend his petition in order to seek injunctive and declaratory relief against Judge Pasternak in addition to money damages. Following the October 17, 1986, hearing on the summary judgment motion, the district court denied plaintiff's motion to amend the petition and granted Judge Pasternak's motion for summary judgment. The latter ruling was premised on the court's conclusion, which we share, that the judge enjoyed absolute immunity while acting in a judicial capacity.

On this appeal, plaintiff assigns three matters as reversible error: (1) the action of the court in ruling on Polk County's motion for summary judgment before addressing his motion for change of venue, (2) the court's denial of his request to defer disposition of Judge Pasternak's summary judgment motion until after the completion of discovery, and (3) the court's refusal to permit him to amend his petition to seek injunctive and declaratory relief. We separately consider each of these contentions.

I. *Whether the Court was Required to Rule on Plaintiff's Motion for Change of Venue Before Ruling on the County's Motion for Summary Judgment.*

Plaintiff's first assignment of error concerns Polk County's motion for summary judgment. The order granting that motion was filed on August 25, 1986, and effectively dismissed the county as a party to the action. Plaintiff's notice of appeal, filed November 26, 1986, is from an October 28, 1986, order granting Judge Pasternak's motion for summary judgment.

In his notice of appeal, plaintiff seeks review of the latter order and all other rulings made in the course of the proceedings adverse to him. Pursuant to Iowa Rule of Appellate Procedure 5(b), an order disposing of an action as to fewer than all parties, even if their interests are severable, may be appealed within the time for appeal from the order disposing of the action as to the remaining parties. Consequently, the ruling on the county's motion for summary judgment may be considered along with the other issues in the appeal.

■ Plaintiff does not challenge the merits of the dismissal of his claims against the county. He urges, however, that under our decision in *Nagle Lumber Co. v. Better Built Homes,* 160 N.W.2d 446 (Iowa 1968), a motion for change of venue takes precedence over a motion for summary judgment against the party seeking change of place of trial. He suggests the district court's failure to apply that principle in the present case was error. We disagree.

The *Nagle Lumber Co.* case involved a situation where the defendant was sued in a county of improper venue which was located in a different judicial district. The motion for change of venue was made under Iowa Rule of Civil Procedure 175(a). We concluded that under these circumstances the balancing of conveniences favored ruling on defendant's motion for change of venue before addressing plaintiff's motion for summary judgment.

In the present case the initial venue was not improper. The motion for change of venue was made under Iowa Rule of Civil Procedure 167(a). In connection with motions under that rule, the following rule provides that, unless the objection is to the judge, a change of venue shall not be allowed "until the issues are made up." Iowa R.Civ.P. 168(c). The grounds of the motion to change venue were entirely dependent upon whether the issues against

the county would be tried to a jury. We believe that the process of making up the issues for purposes of applying rule 168(c) includes procedural devices for narrowing the issues, including motions for summary judgment. This is particularly true in multi-party cases where the ruling on a motion for change of venue may take the entire case to a different county. *See* Iowa R.Civ.P. 170. The district court did not err in addressing the county's motion for summary judgment prior to ruling on plaintiff's motion for change of venue.

II. *Whether Ruling on Judge Paster-nak's Motion for Summary Judgment Should have been Deferred Until Completion of Discovery.*

■ Plaintiff urges that Iowa Rule of Civil Procedure 237(f) and our decision in *Carter v. Jernigan,* 227 N.W.2d 131, 135 (Iowa 1975), require that a party facing a motion for summary judgment be granted time to complete discovery prior to the court's ruling on the motion. The district court denied plaintiff's motion for such relief under rule 237(f) on the ground that his request was not supported by affidavit as required by that rule.

We think this ruling was correct for the reason given by the district court and also because plaintiff did not indicate to that court nor has he suggested to this court what, if any, additional factual information was needed to resist the allegations that defendant was acting in his official capacity. The relevant facts which bear on that issue do not appear to have ever been in dispute. The surrounding circumstances appear to have been matters within plaintiff's personal knowledge. If they were not, plaintiff had from August 21 (the date the motion for summary judgment was filed) until one day prior to the October 17, 1986, hearing to discover any circumstances that show the judge was not acting in his official capacity with regard to the actions taken. We find no basis for reversing the judgment with respect to this issue.

III. *Refusal to Permit Amendment Requesting Injunctive and Declaratory Relief.*

■ Finally, we consider plaintiff's contention that he should have been permitted to amend his petition to seek injunctive and declaratory relief against Judge Pasternak in addition to money damages. Plaintiff's request to take such action was made two days prior to the summary judgment hearing.

As the district court correctly noted, where a proposed amendment to a petition appears on its face to be legally ineffectual, it is properly denied. *See Peterson v. Taylor,* 316 N.W.2d 869, 876 (Iowa 1982). At the time the request to amend was made, the actions complained of had been corrected by the order vacating Judge Pasternak's initial sentence. As a result, there was no present justiciable controversy which would be a proper subject for declaratory relief. Moreover, no facts appeared which suggested that plaintiff would be subjected to similar actions by the defendant judge in the future. Therefore, no basis existed for seeking injunctive relief. There was no error in denying the proposed amendment.

We have considered all issues presented and all arguments made and find no basis for reversing the judgment of the district court.

AFFIRMED.