Dan **BITNER**, Appellant,

v.

**OTTUMWA COMMUNITY SCHOOL DISTRICT, Joe Scalzo, Max Miller, Firstar Bank Ottumwa a/k/a Firstar Bank Ottumwa, N.A., Kelly Smallwood, Estal & Associates, P.C., Gerald H. Estal, and Donald D. Kain, Appellees.**

No. 95–135.

Supreme Court of Iowa.

May 22, 1996.

Kasey W. Kincaid of Faegre & Benson Professional Limited Liability Partnership, Des Moines, for appellees Estal & Associates, Gerald H. Estal and Donald D. Kain.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

Dan Bitner, a former elementary principal in the Ottumwa Community School District, brought a defamation suit against: (1) the school district, its superintendent, Joe Scalzo, and its business manager, Max Miller (collectively referred to as school district); (2) Firstar Bank Ottumwa and its teller, Kelly Smallwood (collectively referred to as bank); and (3) Estal & Associates, P.C. and the firm's certified public accountants, Gerald H. Estal and Donald D. Kain (collectively referred to as Estal). The petition sought damages for the publication of defamatory statements contained in an audit and statements made in the course of investigation and the resulting criminal prosecution.

Following hearing on motions for summary judgment filed by all defendants, the court found statements made by the defendants in the course of a judicial proceeding were entitled to an absolute privilege and statements made prior to criminal prosecution were entitled to a qualified privilege and were made without actual malice. The court sustained the defendants' motions for summary judgment, entered judgment against Bitner, and assessed the costs against him. Bitner's motion for enlargement of the court's findings was overruled. On appeal, we affirm.

I. *Background Facts and Proceedings.*

Bitner was principal of Wilson elementary school in the Ottumwa school district from August 1988 until June 1991. He resigned in July and accepted employment as school principal in Lamar, Colorado. While principal of Wilson school he had primary responsibility and control over the school's activity fund.

Following Bitner's resignation, Miller conducted an investigation regarding shortages

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Minor Barnes, Terry J. Abernathy and JoAnne M. Lilledahl of Pickens, Barnes & Abernathy, Cedar Rapids, and Richard J. Gaumer of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellees School District, Joe Scalzo and Max Miller.

Jerome M. Beaver of Kiple, Kiple, Denefe, Beaver & Gardner, Ottumwa, for appellees Firstar Bank and Kelly Smallwood.

in the activity fund and for violations of school district regulations during the 1990–91 academic year. The bank advised Miller that Bitner had presented checks payable to Wilson school to Smallwood and that he requested and received payment of cash. Upon completion of his investigation Miller made a written report to superintendent Scalzo. The report, dated September 26, 1991, contained information regarding two checks that were cashed by Bitner at the bank. At Miller's request the bank provided a written statement from Smallwood regarding Bitner's cashing of the checks.

After receiving Miller's written report, Estal & Associates, P.C. was hired to conduct a special audit of the activity accounts. On October 31 the special audit was completed and a written report was provided to the school district. This audit was not made available to the public by the school district nor was it considered in open session of the school board. However, Estal notified the state auditor of their audit and the media was allowed access to the audit. *See* Iowa Code §§ 11.6(7), 11.19 (1991).

As a result of the audit the county attorney's office investigated and then charged Bitner on February 28, 1992, with the crime of theft in the second degree. In March both Miller and Smallwood were deposed by Bitner in preparation of trial. The case was tried to a jury and Bitner was acquitted of all criminal charges.

After Bitner filed his defamation petition on November 1, 1993, the parties engaged in extensive discovery. Both Bitner and the defendants submitted interrogatories and requests for production of documents in February 1994. In March and April answers to interrogatories were made and amended and responses and supplemental responses to requests were filed. In April and May additional interrogatories were served by the plaintiff and answered by the defendants. On July 6 an order was entered setting this case for trial for the week of April 24, 1995. In September the defendants answered plaintiff's additional interrogatories.

On September 30 the school district filed its motion for summary judgment. Annexed to the motion was a statement of material facts, memorandum of authorities, and affidavits in support of the motion. Bitner filed on October 11 a motion to extend time to resist the summary judgment and to delay ruling so that he could conduct discovery. The school district filed a resistance to the motion. Hearing on this motion was set for the same time and date as the hearing on the motion for summary judgment.

On October 14 the bank filed its motion for summary judgment. Annexed to the motion was a statement of material facts, memorandum of authorities, and affidavits in support of the motion. The motion also incorporated the statement of facts and memorandum of authorities contained in the school district's summary judgment motion. On October 14 the court set the school district's and bank's motions for summary judgment for hearing on October 28 at 9:30 a.m.

On October 17 Estal filed a motion for summary judgment alleging there was no genuine issue of material fact with respect to liability because the statements made by them were protected by a qualified privilege and were made without malice. Estal incorporated in its motion the material facts and memorandum of authorities filed by the school district and the bank. On October 21 Bitner served a motion to compel answers to interrogatories and to require a response to the request for production by Estal.

On October 26 Bitner served his resistance to motions for summary judgment and statement of undisputed material facts along with his affidavit and a portion of depositions taken in the criminal case against him. In his affidavit Bitner stated Scalzo "did not appreciate me catching him in a lie and has held this against me." "Miller did not like the fact that I was checking up on him and my accounts and held this against me." Because Smallwood "had experienced problems with my ex-wife in regard to babysitting ... she holds ill feelings toward me." He also stated that Smallwood accused him of cashing the $1000 check payable to Wilson school at approximately 3:35 p.m. on January 3, 1991. At that time and date he was en route to Des Moines. Phone calls between a car dealership and the school verified he was on his

way to Des Moines at 3:35 p.m. and that he arrived in Des Moines at 4:30 p.m.

In the resistance Bitner alleged Estal's audit contained many untrue statements that could have been discovered if Estal had investigated properly. The resistance stated that all defendants acted with malice and with reckless disregard for the truth.

A hearing on the motions for summary judgment was held on October 28 with all parties appearing and being heard. The court's rulings on the motions were filed on November 22. The court found Bitner did not timely resist the motions for summary judgment filed by the school district and bank. The court granted summary judgment to all defendants.

Following the entry of the court's rulings and summary judgments, Bitner filed a motion as permitted by Iowa Rule of Civil Procedure 179(b) requesting that the court rule on his motion to compel discovery of Estal and to address whether his affidavit filed with his resistance would generate a genuine issue of material fact. The court denied the motion. Bitner appealed the judgments and the ruling on the rule 179(b) motion.

On appeal we consider the nature of summary judgment, the nature of defamation actions, and the undisputed facts as to Bitner's claims against the school district, the bank, and Estal.

II. *Summary Judgment.*

Iowa Rule of Civil Procedure 237 permits summary judgment to be entered under certain conditions and circumstances. When a party has met the initial burden required for a summary judgment under rule 237(c), the opposing party must either establish the existence of a triable issue of fact under rule 237(e) or explain why facts cannot be presented to justify continuance under rule 237(f). Our rule 237, like Federal Rule of Civil Procedure 56, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

ty is entitled to a judgment as a matter of law.

Iowa R.Civ.P. 237(c); Fed.R.Civ.P. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Iowa R.Civ.P. 237(e); Fed.R.Civ.P. 56(e) (amended to refer to "adverse party" rather than "he"). Where the language of federal Rule 56 and Iowa rule 237 are essentially the same, federal interpretations are persuasive. *See Shaw v. Soo Line R.R.*, 463 N.W.2d 51, 54 (Iowa 1990); *Brody v. Ruby*, 267 N.W.2d 902, 904 (Iowa 1978); *Konz v. Ehly*, 451 N.W.2d 504, 505 (Iowa App.1989).

> Unlike the federal Rule, our rule provides: The motion shall be filed not less than forty-five days prior to the day the case is set for trial, unless otherwise ordered by the court. Any party resisting the motion *shall file within ten days* from the time when a copy of the motion has been served a resistance; statement of disputed facts, if any; and memorandum of authorities supporting the resistance. If affidavits supporting the resistance are filed, they must be filed with the resistance.

Iowa R.Civ.P. 237(c) (emphasis added). This revision of the Iowa rule regarding the filing of a resistance became effective January 2, 1992. The rules committee explained "[t]his amendment eliminates the possibility that the court and the moving party will not receive documents in resistance to the summary judgment motion until the day of the hearing or nonoral submission." 3 Iowa R.Civ.P.Ann. 80 (West Supp.1995).

Like the federal Rule, the Iowa rule provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judg-

ment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Iowa R.Civ.P. 237(f); Fed.R.Civ.P. 56(f) (amended to delete "he" and substitute "party").

We are mindful that under both the federal Rule and the Iowa rule, the role of summary judgment in defamation cases is unique and the court's role is expanded. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202, 211–14 (1986); *Behr v. Meredith Corp.,* 414 N.W.2d 339, 341 (Iowa 1987). The party resisting a motion for summary judgment must set forth specific facts to support the claim and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. On a motion for summary judgment, the court does not weigh the evidence. Instead, the court inquires whether a reasonable jury, faced with the evidence presented, could return a verdict for the nonmoving party. *Id.* at 249, 106 S.Ct. at 2510–11, 91 L.Ed.2d at 212. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

## III. *Defamation.*

The law of defamation consists of the twin torts of libel and slander. *Johnson v. Nickerson,* 542 N.W.2d 506, 510 (Iowa 1996); *Lara v. Thomas,* 512 N.W.2d 777, 785 (Iowa 1994). The gist of a defamation action is the publication of written or oral statements that tend to injure another's reputation or good name. *Id.*

A public official or figure cannot recover damages for a defamatory statement except upon proof that the statement was made with actual malice. *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686, 706 (1964); *Johnson,* 542 N.W.2d at 510; *McCarney v. Des Moines Register & Tribune Co.,* 239 N.W.2d 152, 155–56 (Iowa 1976).

A statement is made with actual malice if it is made with knowledge that it is false or if made with reckless disregard for its truth or falsity. *New York Times,* 376 U.S. at 279–80, 84 S.Ct. at 726, 11 L.Ed.2d at 706; *Carr v. Bankers Trust Co.,* 546 N.W.2d 901 (Iowa 1996). Actual malice in this context must be established by clear and convincing evidence. *Anderson,* 477 U.S. at 255–57, 106 S.Ct. at 2514–15, 91 L.Ed.2d at 216–17; *Jones v. Palmer Communications, Inc.,* 440 N.W.2d 884, 894 (Iowa 1989). "To show malice, there must be an intent to inflict harm through falsehood." *Jones,* 440 N.W.2d at 894. A reckless disregard for truth or falsity may be established "where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports." *St. Amant v. Thompson,* 390 U.S. 727, 732, 88 S.Ct. 1323, 1326, 20 L.Ed.2d 262, 268 (1968).

## IV. *Undisputed Facts.*

### A. School District.

Included in the undisputed material facts supporting the school district's motion for summary judgment are the following facts. Bitner is a public official. Miller, as secretary and business manager for the school district, learned of possible problems with certain checks relating to Wilson school. He reported his findings regarding the checks and other irregularities to superintendent Scalzo. He reported two checks, dated December 26, 1990, payable to Wilson school were presented to the bank. The bank teller stated that Bitner presented the checks, he requested cash rather than depositing the checks, and he was given cash for the checks. On advice of the school district's legal counsel, Scalzo and Miller hired Estal & Associates, P.C. to conduct a special audit of the activity account at Wilson school. The school district, Scalzo, and Miller kept confidential the results of the audit. Neither Scalzo nor Miller made any statements to anyone regarding the contents of the audit other than to school board members and the attorney for the school board. Scalzo and Miller re-

fused to release or disclose the contents of the audit to the media or general public. Scalzo and Miller testified on matters relevant to the criminal prosecution of Bitner only in response to subpoena.

The court granted summary judgment to the school district because the statements made in the course of the criminal investigation were absolutely privileged and statements made in the course of the investigation of the shortage of school funds were protected by a qualified privilege and were made without malice. Because Bitner failed to timely file his resistance to the motion for summary judgment, the court did not consider Bitner's resistance and statements of undisputed material facts with his affidavit and other exhibits attached.

Although Bitner does not dispute his resistance was not timely filed, he urges the court abused its discretion in denying his motion for additional time to resist the summary judgment. In his motion for additional time, he stated no depositions had been taken and that it is necessary to take depositions before a proper resistance could be filed. He asked the court to extend the time for resistance and that he be given an opportunity to depose defendants Scalzo, Miller, Smallwood, and Kain. The school district resisted Bitner's motion. In its resistance the school district cited rule 237(f) and *Midthun v. Pasternak*, 420 N.W.2d 465 (Iowa 1988). Because Bitner's motion for additional time to resist "does not set forth any affidavit or in any other fashion what specific additional factual information is necessary to enable the plaintiff to resist," the district court denied Bitner's motion. On appeal, Bitner urges *Midthun* was an isolated case where the relevant facts did not appear to have been in dispute. *Midthun*, 420 N.W.2d at 468.

■ In 1967 Iowa revised rule 237 to include rule 237(f). Rule 237(f) comprises an "out" for a party who legitimately needs additional time to gather facts essential to justify its opposition when faced by a summary judgment motion. In order to obtain the benefits of this rule, a party must substantially comply with its requirements. The rule requires an affiant to state reasons why facts essential to justify a resistance cannot

be presented. It is clear that under rule 237(f) it is incumbent upon the resister to set forth by affidavit the reasons why it cannot proffer evidentiary affidavits and what additional factual information is needed to resist the motion. *See id.; Prior v. Rathjen*, 199 N.W.2d 327, 331 (Iowa 1972).

The federal courts have established basic requirements to test the sufficiency of a federal Rule 56(f) affidavit. The Eighth Circuit has stated:

> A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*Willmar Poultry Co. v. Morton–Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir.1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976). *See also United States v. On Leong Chinese Merchants Ass'n Bldg.*, 918 F.2d 1289, 1295 (7th Cir.1990); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990); *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir.1989); *Wallace v. Brownell Pontiac–GMC Co.*, 703 F.2d 525, 527 (11th Cir.1983).

To invoke Rule 56(f), the First Circuit has stated:

> The movant must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue, and (2) "demonstrate good cause for failure to have conducted the discovery earlier."

*Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991) (citation omitted).

In order for the affidavit for more discovery time to be sufficient, the Second Circuit has stated:

> Thus, a party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has

made to obtain them, and (4) why the affiant was unsuccessful in those efforts.

*Hudson River Sloop Clearwater, Inc. v. Department of Navy,* 891 F.2d 414, 422 (2d Cir.1989).

The Ninth Circuit stated: ·

A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide "specific facts" demonstrating a genuine issue of material fact.

*Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 524 (9th Cir.1989).

■ When a party opposing a motion for summary judgment files a motion requesting continuance to permit discovery, our review is for abuse of discretion. *Moser v. Thorp Sales Corp.,* 312 N.W.2d 881, 891 (Iowa 1981). We agree that generally a non-moving party should have the opportunity to make discovery prior to hearing and ruling on a motion for summary judgment. *See Miller v. Continental Ins. Co.,* 392 N.W.2d 500, 503 (Iowa 1986); *Carter v. Jernigan,* 227 N.W.2d 131, 135–36 (Iowa 1975). However, there is no requirement in rule 237 that summary judgment not be entered until all discovery is completed. The failure to file a rule 237(f) affidavit is sufficient grounds to reject the claim that the opportunity for discovery was inadequate. *See Nguyen v. CNA Corp.,* 44 F.3d 234, 242 (4th Cir.1995).

■ Even if we ignore the fact Bitner failed to file an affidavit as required by rule 237(f), it would not be an abuse of discretion for the' court to deny his request. Bitner's defamation action was filed on November 1, 1993. Extensive discovery occurred prior to the school district's filing of its motion for summary judgment on September 29, 1994. Bitner's defamation claim is based on events that occurred in December 1990 and January 1991 and upon statements made in the fall of 1991. Bitner had deposed Miller in preparation of the criminal trial in March 1992. Bitner was aware of factual circumstances relating to his conflicts with Miller and Scalzo prior to his resignation. He had a full opportunity to conduct discovery prior to the summary judgment hearing on October 28, 1994.

## B. The Bank.

■ Included in the undisputed material facts supporting the bank's motion for summary judgment are the following. Smallwood is an employee of the bank and was so employed in January of 1991. Wilson school was a banking customer. In the fall of 1991, Miller inquired as to certain checks of the Wilson school account. Smallwood recalled Bitner cashing a $1000 check payable to Wilson school on January 3, 1991. It was easy for her to remember because it was a large amount and Bitner had requested large bills. She was well acquainted with Bitner and knew he was principal at Wilson school. A letter concerning the check cashing incident was prepared at the request of Miller and signed by Smallwood and furnished to Miller as business manager of the school. No letter was ever furnished by the bank or Smallwood or any other bank employee to any other person or party. The bank's motion for summary judgment also incorporated the school district's statement of undisputed material facts.

Based on the undisputed material facts the district court found statements made by the bank and Smallwood were entitled to an absolute privilege or a qualified privilege under Iowa law and that there was no disputed facts which would show actual malice. The district court found Bitner's resistance to the motion for summary judgment was not timely filed and his resistance and statements of undisputed facts with affidavit and exhibits attached were not considered.

■ Bitner did not file a motion for continuance or request that entry of summary judgment be delayed. When a party fails to request a continuance under 237(f), it is generally not an abuse of discretion for the court to rule on the motion for summary judgment. *See King v. Cooke,* 26 F.3d 720, 726 (7th Cir.1994). Under this record the bank has a qualified privilege as to the statements made and there is no evidence of actual malice.

## C. Estal.

■ Estal's motion for summary judgment incorporated the statements of material

facts and memoranda of authorities filed by the school district and the bank. Its motion stated that any statements by Estal are protected by a qualified privilege and were made without malice.

In response to Estal's motion for summary judgment, Bitner filed a motion to compel answers to interrogatories and response to request for production of documents. The motion stated there are presently three motions for summary judgment pending with the court which include "a motion for summary judgment from defendants Estal & Associates, P.C. and Donald D. Kain." Bitner stated that without their discovery response he could not properly resist their motion for summary judgment.

Two days later Bitner filed a resistance to the motions for summary judgment filed by all defendants. His statement of undisputed material facts included a statement that Estal & Associates' letter to the board of education contained many untrue statements. He further stated if investigation had been made, such as comparison of handwriting and contact with him, the true facts would have been revealed and "many discrepancies in the audit and falsities in the audit would not have occurred." Bitner stated "[a]ll defendants in this case acted with malice toward plaintiff and with recklessness and disregard for the actual truth or veracity of the information contained in the investigation prior to the criminal charges brought against Dan Bitner."

Although Estal filed a motion for summary judgment and Bitner filed a timely resistance to the motion, no court order was entered setting Estal's motion for summary judgment for hearing. Apparently all parties assumed the court would hear all three motions for summary judgment at the same time. Counsel for all parties were present at the summary judgment hearing and no objection was raised by Bitner or Estal to submission of the motions for summary judgment.

Based on the undisputed facts, the court found statements made by Estal were entitled to an absolute privilege or qualified privilege and there were no facts which would show actual malice.

■ Bitner argues the court abused its discretion by not granting his discovery motion before hearing and deciding the summary judgment motion. We find the district court did not abuse its discretion in denying the rule 179(b) motion. The court could conclude Bitner had ample opportunity to conduct discovery. Interrogatories and request for production had been answered or a response had been made by Estal.

■ After a summary judgment motion has been filed, it is important under our current rule that a rule 237(f) affidavit be filed if additional discovery is required. If Bitner's motion to compel answers to interrogatories and response to request for production is in the nature of a motion to compel discovery under Iowa Rule of Civil Procedure 134, then Bitner has waived his objection by failing to file a rule 237(f) motion. If the motion filed by Bitner is a rule 237(f) motion, then it fails to satisfy the requirement that the motion be supported by affidavit. The court might well consider Bitner's motion, filed two days before hearing on the summary judgment and after a resistance had been served on Estal, as an attempted delay tactic. This possibly could have been dispelled had Bitner filed an adequate rule 237(f) affidavit. He did not do so. His failure precludes consideration of his challenge to the court's granting summary judgment to Estal.

Based upon the record the defendants have established that there is no genuine issue as to any material fact and they are entitled to a judgment as a matter of law.

**AFFIRMED.**