# IN THE COURT OF APPEALS OF IOWA

No. 15-2058
Filed August 16, 2017

**JAMES EDWARD WINESBERRY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


James Edward Winesberry appeals from the dismissal of his application

for postconviction relief. **AFFIRMED.**


Jeremy L. Merrill of Lubinus Law Firm, P.L.L.C., Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

James Edward Winesberry appeals from the dismissal of his application for postconviction relief (PCR). He contends the court erred by granting the State's motion for summary judgment before the completion of the discovery process. He further contends his counsel was ineffective for failing to timely file an amended application in the proceedings, thus prejudicing him. The court did not err in granting summary judgment, and Winesberry's ineffectiveness claim fails. We affirm.

**I. Background Facts and Proceedings**

In December 2013, Winesberry pled guilty to possession of a controlled substance (Benzylpiperazine) with intent to deliver as a second or subsequent offender, possession of controlled substance (marijuana) with intent to deliver, failure to affix a tax stamp (marijuana), and felon in possession of a firearm. The court sentenced him to consecutive terms of imprisonment not to exceed thirty-five years.

In February 2014, Winesberry appealed, arguing his trial counsel was ineffective in failing to challenge the factual basis for his pleas. *State v. Winesberry*, No 14–0128, 2014 WL 5862040, at *1 (Iowa Ct. App. Nov. 13, 2014). This court affirmed his convictions, finding his trial counsel had no duty to raise a meritless issue. *Id.* at *2. The supreme court denied further review and procedendo was issued.

In February 2015, Winesberry filed a pro se application for PCR, reasserting his pleas lacked a factual basis and counsel was ineffective in permitting him to plead guilty.

On April 24, 2015, the district court entered an order appointing counsel for Winesberry and instructed PCR counsel to meet with Winesberry to investigate his claims, and if necessary, file an amended application within sixty days. The court's subsequent scheduling order set trial for January 20, 2016, and required pleadings and dispositive motions be filed sixty days before trial and discovery be completed thirty days before trial.

On August 27, 2015, the State filed a motion for summary judgment, asserting no genuine issue of material fact remained for trial because the claims raised had already been addressed on direct appeal. On September 30, Winesberry's counsel filed a late resistance to the motion for summary judgment. Counsel agreed the facts discussed in the motion for summary judgment were substantially undisputed and did not contest them but claimed summary judgment was premature because discovery was not complete. Counsel indicated he anticipated an amendment of the original pleading to include additional claims. Finding no genuine issues of material fact remained on any of Winesberry's claims, the court granted the motion for summary judgment on November 6, 2015.

Winesberry now appeals, claiming the district court erred in granting the State summary judgment because discovery was not yet complete. He also claims he received ineffective assistance of PCR counsel.

## II. Standard of Review

We typically review postconviction proceedings, including summary adjudications, for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa

2011). However, PCR applications that allege ineffective assistance of counsel present a constitutional challenge, which we review de novo. *Id.*

**III. Analysis**

*A. Summary Judgment*

The rules for summary judgment apply to a motion for summary dismissals of PCR proceedings. *See* Iowa Code § 822.6 (2015); *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Winesberry's PCR claims were raised and rejected during his direct appeal. *Winesberry*, 2014 WL 5862040, at *1-2. "A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of [r]es judicata bars additional litigation on this point." *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) (citation omitted). Winesberry cannot relitigate these issues as presented in his pro se PCR application.

Winesberry maintains the district court should not have granted summary judgment because discovery was not yet complete. However, the time for amendment of the PCR application had passed, and Winesberry had not filed a motion for extension of time.

As noted by the State, a party may "*at any time*, move with or without supporting affidavits for a summary judgment in that party's favor." Iowa R. Civ.

P. 1.981(2) (emphasis added).[1] There is no requirement that summary judgment cannot be entered until after the completion of discovery. *Bitner v. Ottumwa Cmty. Sch. Dist.*, 549 N.W.2d 295, 302 (Iowa 1996).

If the nonmoving party believes a summary judgment motion is premature because additional discovery is needed to fully respond to the motion, it must comply with the requirements of Iowa Rule of Civil Procedure 1.981(6). *See id.* at 301 (referring to rule 237(f), now numbered rule 1.981(6)). The rule requires an affiant to state what specific facts are sought and how those facts would preclude summary judgment. *Id.* at 301-02. "The failure to file a [rule 1.981(6)] affidavit is sufficient grounds to reject the claim that the opportunity for discovery was inadequate." *Id.* at 302; *see also Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa Ct. App. 2008) (stating the failure to file an affidavit under rule 1.981(6) "presents sufficient grounds to reject a claim that the opportunity for discovery was inadequate"). If Winesberry believed additional discovery was necessary in order to resist the State's motion for summary judgment, he could have filed a motion for additional time to amend and complete discovery and he also had the opportunity to seek additional time under rule 1.981(6). His failure to comply with the rule was sufficient by itself for the court to deny the opportunity for further discovery and grant summary judgment.

---

[1] Iowa Code section 822.6 also provides for summary disposition at any time:
> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Even if we overlook his failure to do so, however, we cannot find the court erred. Winesberry argues he planned to amend his pleading upon the completion of discovery. He had ample opportunity to conduct discovery and amend his pleading prior to the State filing its motion for summary judgment. He did not articulate in his resistance what additional claims he may have brought or how additional discovery would have precluded summary judgment. He simply asserted summary judgment was premature because discovery was not complete.[2] The district court did not err in granting the State's motion for summary judgment.

*B. Ineffective Assistance of Counsel*

Winesberry seeks to avoid summary judgment by claiming PCR counsel was ineffective. "[O]nce counsel was appointed to represent him, [Winesberry] had a right to the effective assistance of this counsel." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

To prevail on an ineffectiveness claim, an applicant must prove by a preponderance of the evidence: (1) counsel breached an essential duty, and (2) prejudice resulted from the breach. *See id.* To satisfy the prejudice prong, Winesberry must show "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be

---

[2] We note that had the State waited until the discovery deadline, it would have been barred from filing a motion for summary judgment; pleadings were to be closed sixty days before trial, while discovery was to be completed thirty days before.

decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Winesberry argues his PCR attorney did not amend his application in the timeframe required by the court. He claims his counsel's failure prejudiced him because it resulted in the dismissal of his PCR case, thus causing him to lose twenty-seven days on the statute of limitations for a habeas corpus claim.

Winesberry does not specify what claims he believes his PCR counsel should have added to the original application, nor does he argue he would have prevailed on those claims. He simply asserts his attorney should have amended it by the court's deadline. But he cannot prove he was prejudiced by asserting unspecified, hypothetical claims.

Furthermore, his prejudice argument concerning his habeas corpus statute of limitations is without merit. Even if Winesberry is correct that he lost twenty-seven days to file a habeas corpus petition, he does not claim the statute of limitations has run, or that he is unable to timely file such a petition. Thus, any prejudice regarding these "lost" twenty-seven days is speculative and irrelevant. To satisfy the prejudice prong, Winesberry must show that there was a reasonable probability of a different result in *this* case. *See id.* at 144-45 (defining "result" as decision rendered). Because Winesberry has failed to establish prejudice, his ineffectiveness claim fails; we need not address whether his counsel breached an essential duty. *See id.* at 142.

**AFFIRMED.**