**IN THE COURT OF APPEALS OF IOWA**

No. 16-1361
Filed February 7, 2018

**IN THE MATTER OF THE ESTATE OF LESLIE TRUE WILSON, Deceased.**

**DAVID LANCE WILSON,**
    Petitioner-Appellant,

**vs.**

**SUSAN WOODALL FISHER and
JOHN C. WERDEN, Executors,**
    Respondents-Appellees.

_____

        Appeal from the Iowa District Court for Crawford County, Patrick H. Tott, Judge.


        David Wilson appeals a district court order granting summary judgment on his petition for a declaratory judgment. **AFFIRMED.**


        Bradley J. Nelson of Norelius Nelson Law Firm, Denison, for appellant.

        Aaron W. Ahrendsen of Eich, Werden & Steger, P.C., Carroll, for appellees.


        Heard by Vogel, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

David Wilson appeals a district court order granting summary judgment on his petition for a declaratory judgment. He contends a genuine issue of material fact existed and the court therefore erred in granting summary judgment. He alternatively argues the district court abused its discretion in declining to reserve ruling pending further discovery.

I.

Leslie Wilson and Susan Woodall Fisher were same-sex partners. They were married in Colorado sometime before November 6, 1991.[1] On November 6, 1991, Leslie executed her last will and testament. Under the will, Susan was to receive Leslie's entire estate. Leslie's brother, David, was listed as the successor beneficiary.

Leslie passed away in March 2014. In December, Susan filed an application for probate of a foreign probated will in the Iowa District Court for Crawford County. The district court admitted Leslie's will into probate and appointed the appellees as personal representatives of the Iowa estate. Susan subsequently filed an election to take under the will as Leslie's surviving spouse. In June 2015, the personal representatives executed and recorded a court officer

---

[1] Same-sex marriages were not recognized in Colorado until October 2014. *See Craig v. Masterpiece Cakeshop, Inc.*, 370 P.3d 272, 277 n.1 (Colo. App. 2015). However, the parties stipulated in their pleadings that "Susan . . . and Leslie . . . were married in the state of Colorado" prior to that time. We need not address the issue of whether the parties were legally married in Colorado because it is immaterial to our resolution of the case. If they were not legally married under Colorado law, then Iowa Code section 633.271(1) (2016) does not apply, and we would affirm. Under the analysis used in this opinion, which assumes without deciding they were legally married, we also affirm.

deed conveying an undivided one-half interest in real property owned by Leslie at the time of her death to Susan.

In January 2016, David filed a petition for a declaratory judgment. He alleged that after Leslie executed her will Susan and Leslie "dissolved" their marriage and they "never cohabited again and never remarried." Pursuant to Iowa Code section 633.271(1), he argued such dissolution acted as a revocation of all provisions in the will in favor of Susan. In her answer, Susan denied her and Leslie's marriage was ever dissolved.

The representatives moved for summary judgment. In his subsequent statement of disputed facts, David alleged, among other things, Susan and Leslie terminated their relationship and divided their assets in 2005. David also moved the court to reserve ruling on the summary-judgment motion pending the completion of discovery. The district court denied David's motion to reserve ruling and granted the representatives' motion for summary judgment. In doing so, the court concluded the terms "divorce" and "dissolution" as used in section 633.271 are synonymous. As noted, David appeals.

## II.

"We review a district court ruling granting a motion for summary judgment for correction of errors at law." *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 398 (Iowa 2017) (quoting *Estate of Gray ex rel. Gray v. Baldi*, 880 N.W.2d 451, 455 (Iowa 2016)). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "We . . . view the record in the light most favorable to the nonmoving party and will grant that party all

reasonable inferences that can be drawn from the record." *Plowman*, 896 N.W.2d at 398 (ellipsis in original) (quoting *Baldi*, 880 N.W.2d at 455). "Summary judgment is appropriate if the only conflict concerns the legal consequences of undisputed facts." *Id.* (quoting *Peppmeier v. Murphy*, 708 N.W.2d 57, 58 (Iowa 2005)). We also review the district court's interpretation of a statute for legal error. *DuTrac Cmty. Credit Union v. Hefel*, 893 N.W.2d 282, 289 (Iowa 2017). The denial of a motion requesting a continuance to permit discovery is reviewed for an abuse of discretion. *Bitner v. Ottumwa Cmty. Sch. Dist.*, 549 N.W.2d 295, 302 (Iowa 1996).

III.

David correctly argues "[t]his case hinges on the interpretation of Iowa Code section 633.271." David does not dispute the facts that (1) Leslie and Susan were married and (2) they were never officially divorced. His argument on appeal is that the terms "divorce" and "dissolution" as used in section 633.271 have separate meanings and a genuine issue of material fact exists as to whether Leslie and Susan's marriage was "dissolved" as a result of their actions and conduct.

Iowa Code section 633.271(1), entitled "Effect of divorce or dissolution," provides: "If after making a will the testator is divorced or the testator's marriage is dissolved, all provisions in the will in favor of the testator's spouse . . . are revoked by the divorce or dissolution of marriage, unless the will provides otherwise." In determining whether any genuine issue of material fact exists concerning David's petition for a declaratory judgment, we must decide whether the terms "divorced" and "dissolved" have the same or distinct meanings. The parties appear to agree that if the terms have the same meaning, then no genuine issue as to any material fact existed and summary judgment was therefore properly granted. If, on the

other hand, the terms have differing meanings, then whether or not Susan and Leslie's actions regarding their relationship amounted to a dissolution of their marriage would be a genuine issue of material fact rendering summary judgment inappropriate.

In interpreting a statute, "[w]e start with the often-repeated goal of statutory interpretation which is to discover the true intention of the legislature." *Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003). The "first step in ascertaining the true intention of the legislature is to look to the statute's language." *Id.* "If the statute is unambiguous, we look no further than the statute's express language." *Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 223 (Iowa 2014) (quoting *Rolfe State Bank v. Gunderson*, 794 N.W.2d 561, 564 (Iowa 2011)). "If, however, the statute is ambiguous, we inquire further to determine the legislature's intent in promulgating the statute." *Id.* "A statute is ambiguous when reasonable persons could disagree as to its meaning." *Naumann v. Iowa Prop. Assessment Appeal Bd.*, 791 N.W.2d 258, 261 (Iowa 2010). When a statutory term is not defined by the legislature, we look to prior decisions of the courts, similar statutes, the dictionary, and common usage. *Kay-Decker*, 857 N.W.2d at 223 (citing *Gardin*, 661 N.W.2d at 197).

The Iowa Probate Code, chapter 633, does not define either of the subject terms. The statute in which the terms are included, however, refers to the terms in the context of dissolution of marital and domestic relations, which the legislature addresses in Iowa Code chapter 598. *See* Iowa Code § 633.271(1); *see also In re Marriage of Thatcher*, 864 N.W.2d 533, 538 (Iowa 2015) ("Iowa Code chapter 598 governs the dissolution of marriage."). Chapter 598 expressly defines a

"dissolution of marriage" as "a termination of the marriage relationship." Iowa Code § 598.1(2). The legislature has expressly directed that the term "dissolution of marriage" "*shall* be synonymous with the term 'divorce.'" *Id.* (emphasis added); *see also State v. Klawonn*, 609 N.W.2d 515, 522 (Iowa 2000) ("[W]e have interpreted the term 'shall' in a statute to create a mandatory duty, not discretion."); *cf.* Colo. Rev. Stat. § 14-10-103(2) ("Whenever any law of this state refers to or mentions divorce . . . , said law shall be interpreted as if the words dissolution of marriage . . . were substituted therefore.").

Based on this express direction by the legislature, we conclude the terms "divorced" and "dissolved" as used in section 633.271(1) carry the same meaning—the statute uses the terms in the context of marital relations, and the legislature has expressly defined those terms in the context of marital relations to be synonymous.[2] In Iowa, a divorce or dissolution of marriage may only be decreed by a court upon evidence "that there has been a breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can

---

[2] In 1970, our legislature enacted a no-fault dissolution-of-marriage standard. *See* 1970 Iowa Acts ch. 1266; *In re Marriage of Williams*, 199 N.W.2d 339, 341 (Iowa 1972); *cf.* Iowa Code §§ 598.8–.9 (1966) (providing fault-based grounds for divorce). Prior to this enactment, chapter 598 referred to the termination of a marital relationship as a "divorce." *See generally* Iowa Code ch. 598 (1966). In the new, no-fault dissolution statute, the legislature defined "dissolution of marriage" as "a termination of the marriage relationship" and directed that such term "shall be synonymous with the term 'divorce.'" 1970 Iowa Acts ch. 1266, § 2(1). Section 633.271, which was previously entitled "Effect of Divorce," was amended in 1972 to add the dissolution language reflected in the new dissolution statute to the title and substance of the corresponding probate statute. *Compare* 1972 Iowa Acts ch. 1128, § 4, *with* Iowa Code § 633.271 (1971). The addition of this language to section 633.271 indicates a legislative direction that these two statutes be read together. Accordingly, because the terms have the same meaning under chapter 598, it follows that they have the same meaning under section 633.271.

be preserved." Iowa Code § 598.17(1); *see also In re Weems' Estate*, 139 N.W.2d 922, 924 (Iowa 1966) ("[W]e know of no such thing as a common law divorce . . . ."). Similarly, in Colorado, courts shall decree a dissolution of marriage when, among other things, "[t]he court finds the marriage is irretrievably broken." Colo. Rev. Stat. § 14-10-106(1)(a)(II). David's statement of disputed facts and supporting affidavits did not allege the marriage was ever officially dissolved upon these grounds. It is undisputed that no decree has ever been entered dissolving Susan and Leslie's marriage. The facts which David argues are in dispute are legally immaterial to the issue of whether Susan and Leslie's marriage was dissolved. We affirm the district court's grant of summary judgment.

Next, David contends the district court abused its discretion in denying his motion to reserve ruling pending the completion of discovery. "A party seeking a continuance under rule 1.981(6) must 'state reasons why facts essential to justify a resistance cannot be presented.'" *Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa Ct. App. 2008) (quoting *Bitner*, 549 N.W.2d at 301). "The party must 'set forth by affidavit . . . what additional information is needed to resist the motion.'" *Id.* (quoting *Bitner*, 549 N.W.2d at 301).

David's affidavits and other materials supporting his resistance to the summary-judgment motion reveal he desired to pursue information regarding Leslie and Susan's relationship and alleged separation. As noted above, this information was legally irrelevant to the applicability of Iowa Code section 633.271(1). We conclude the district court did not abuse its discretion by denying David's motion to reserve ruling pending further discovery. *Cf. id.* at 46–47.

IV.

We affirm the district court's denial of David's motion to reserve ruling pending further discovery and grant of summary judgment in favor of the appellees.

**AFFIRMED.**