# IN THE COURT OF APPEALS OF IOWA

No. 23-2018
Filed August 20, 2025

**DANIEL JOSPEH KUDRON,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Daniel Kudron challenges the order granting summary disposition of his application for postconviction relief (PCR).  **AFFIRMED.**

James S. Blackburn, Des Moines, for appellant.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, and Ian M. Jongewaard, Assistant Solicitor General, for appellee State.

Considered without oral argument by Chicchelly, P.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**DOYLE, Senior Judge.**

Daniel Kudron challenges the order granting summary disposition of his application for postconviction relief (PCR). Kudron, who is serving a total sentence of fifteen years in prison on drug-related convictions, claimed the April 2019 revocation of his conditional work release was unlawful. Because Kudron applied for PCR in September 2023, more than three years after the revocation decision, the PCR court granted the State's motion for summary disposition based on the time limits set out in Iowa Code section 822.3 (2023) (requiring most PCR applications to "be filed within three years" from the time the challenged decision is final).

Kudron does not dispute that his PCR application is untimely and barred by section 822.3. Instead, he contends the PCR court abused its discretion by denying his motion to continue the proceedings after his court-appointed counsel withdrew his representation. Kudron argues that the PCR court should have allowed him time to consult with an attorney and potentially amend his application because there "may be grounds" for PCR that are not time barred.

Our scope of review for PCR actions is correction of errors at law. *See Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020). We review the denial of a continuance for abuse of discretion. *See James v. State*, No. 23-1858, 2024 WL 4369943, at *2 (Iowa Ct. App. Oct. 2, 2024) (reviewing PCR court's denial of applicant's motion for a continuance for abuse of discretion); *Bitner v. Ottumwa Cmty. Sch. Dist.*, 549 N.W.2d 295, 302 (Iowa 1996) (reviewing court's refusal to allow additional time for discovery to oppose motion for summary judgment for abuse of discretion). The court can grant a continuance "for any cause not growing

out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained." Iowa R. Civ. P. 1.911(1). Because the court has broad discretion in ruling on a motion to continue, the party challenging its denial bears a heavy burden. *Carter v. Carter*, 957 N.W.2d 623, 631-32 (Iowa 2021). We only reverse if the court clearly abused its discretion and injustice results. *Id.* at 632.

Kudron moved to continue the hearing on the State's motion for summary disposition after his court-appointed counsel moved to withdraw on the day of the hearing because Iowa Code section 822.5 states that PCR applicants who challenge the unlawful revocation of conditional relief have no right to court-appointed counsel. After the court granted PCR counsel's motion at the hearing, Kudron asked the court to continue the proceedings:

> Your Honor, I have not been in communication or had any contact with my attorney regarding this case. I am hereby asking as a verbal motion to this Court to be given a continuance due to not having any discussion regarding my application with the court-appointed attorney yet.
> . . . I believe it would serve all parties here if this Court would grant a continuance so I can confer with counsel and amend my application if need be.

But when asked by the PCR court, Kudron stated he did not intend to hire counsel. Because Kudron is not eligible for court-appointed counsel and had no intention to retain his own, a continuance would have done nothing to advance the cause of justice. And Kudron cannot show injustice merely by claiming a ground for PCR that falls outside of the time bar *may* exist. *See, e.g.*, *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000) (stating that defendant who failed to allege a specific error did not show good cause for a continuance or resulting prejudice); *Gardner v.*

*Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (holding that a party resisting summary judgment is not entitled to postpone the ruling to conduct a fishing expedition in the hopes of uncovering possible evidence to rebut the motion).

Because the PCR court did not abuse its discretion by denying Kudron's motion to continue, we affirm.

**AFFIRMED.**