**WEST SIDE TRANSPORT and Martin Boyer Co., Appellants,**

v.

**Phillip G. CORDELL, Appellee.**

**No. 98–454.**

Supreme Court of Iowa.

Oct. 13, 1999.

Rehearing Denied Oct. 29, 1999.

Chris J. Sheldrup and Thomas D. Wolle of Moyer & Bergman, P.L.C., Cedar Rapids, for appellants.

Thomas M. Wertz of Wertz Law Firm, P.C., Cedar Rapids, for appellee.

Considered by CARTER, P.J., and LAVORATO, SNELL, CADY, and SCHULTZ,* JJ.

LAVORATO, Justice.

West Side Transport and its insurer Martin Boyer Co. (collectively West Side) appeal from a district court judgment affirming an order in a workers' compensation proceeding that approved an injured employee's application for alternate medical care under Iowa Code section 85.27 (1997). We affirm.

Phillip G. Cordell is an over-the-road trucker. On January 15, 1997, he was injured in a motor vehicle accident during the course and scope of his employment with West Side. The accident happened in Hiawatha, Linn County, Iowa.

At all times material to this proceeding, Cordell was a resident of Enka Candler, North Carolina. The day following the accident—January 16—Cordell received medical treatment through his employer, West Side. Dr. Ray Miller treated Cordell

---

* Senior judge assigned by order pursuant to    Iowa Code section 602.9206 (1999).

on that date. Miller is an orthopedist and occupational medicine specialist at the Iowa Medical Clinic in Cedar Rapids. Miller diagnosed Cordell's injury as a thoracic-lumbar strain and recommended physical therapy. The doctor also recommended no work until Cordell's next appointment.

Cordell completed several days of therapy and again saw Miller on January 20. Miller told Cordell he could return to work the next day without any work restrictions. Miller also told Cordell that, if he did not significantly improve over the next week to ten days, he should return for further evaluation.

Following Miller's recommendation, Cordell went back to work. On April 15 Cordell returned to the clinic, complaining of continuing low back pain. Another doctor at the clinic, Dr. David R. Durand, saw Cordell. Durand indicated Cordell could work provided he lifted no more than fifteen pounds. Durand also recommended physical therapy. The doctor scheduled a follow-up appointment for April 18.

Cordell missed the April 18 appointment. Instead, he returned to his home in North Carolina where he sought treatment from a veterans hospital for symptoms associated with a compound fracture in his lower back. West Side did not authorize the treatment.

On June 16 Cordell filed with the Iowa Industrial Commissioner a petition for alternate medical care for a lumbar fracture and soft tissue injury. West Side denied liability for the fracture, claiming that Miller's records reflected no fracture at the time Miller examined and treated Cordell. Eventually, Cordell conceded that the fracture was not work related.

In July Dr. Todd Guthrie, an orthopedic specialist in North Carolina, examined Cordell and began treating him for low back pain related to the original injury Cordell suffered in January. Cordell asked his employer to authorize this treatment. West Side refused to authorize the treatment and instead insisted that Cordell travel to Cedar Rapids for further evaluation by the doctors at the Iowa Medical Clinic. This prompted Cordell to file a second petition for alternate care with the commissioner on August 12, asking for authorization for medical treatment near his home.

On August 12 the commissioner issued an order authorizing the deputy industrial commissioner, who would be presiding at the contested case hearing on the petition, to issue a final agency decision. *See* Iowa Code § 86.3. The order indicated there would be no right of intra-agency appeal on the decision. *See id.*

On August 29 the deputy held a hearing on the petition by telephone. The deputy continued the hearing to allow West Side to have Cordell examined by a doctor of its choice. Durand, one of the doctors who first treated Cordell, examined Cordell in Cedar Rapids. Durand recommended a short term of physical therapy. Following that examination, Guthrie—Cordell's doctor in North Carolina—examined Cordell and also recommended physical therapy.

On September 4 the alternate-care hearing resumed. West Side made clear at the hearing that it did not dispute Cordell's lower back injury was work related. The deputy made the following findings on the record:

It is found that defendant has refused to provide the care in a manner that is reasonable to treatment of this injury without undue [in]convenience to the claimant. First of all, they have not designated any physician since January or February, whenever he moved, to treat the individual at his place of residence. Claimant has sought then the care on his own from a Dr. Todd Guthrie, M.D. who is well qualified, board certified orthopedic according to his credentials that were submitted. And there is simply no reason to delay treatment of this matter any further.

In his conclusions of law, the deputy determined that West Side "failed to designate a physician within a reasonable distance of claimant's residence. Therefore [West Side has] lost the right to choose the care."

The deputy ordered West Side to provide immediate care at its expense by Guthrie in North Carolina. West Side then filed a petition for judicial review in the district court, challenging the deputy's conclusion that it had lost the right to choose medical care for Cordell. The district court affirmed, and this appeal followed.

**I.** We summarized scope-of-review principles that apply to workers' compensation proceedings in *Stephenson v. Furnas Electric Co.*:

> Our review of agency action under Iowa Code section 17A.19(8) is to determine whether our conclusions are the same as those of the district court. The district court, and we, accord only limited deference to the agency's interpretation of law, including statutory and agency rule interpretations. Our review of factual findings is greatly more circumscribed; we uphold the decision of the agency if it is supported by substantial evidence, when the record is viewed as a whole. We are not free to interfere with any agency finding where there is a conflict in the evidence or when reasonable minds might disagree about the inference to be drawn from the evidence, whether it is disputed or not.

522 N.W.2d 828, 831 (Iowa 1994) (citations omitted).

**II.** On appeal West Side raises a narrow issue: Whether the employer loses the right to choose a claimant's care following a decision by the commissioner that the employer must provide medical care in a location closer to the claimant's residence. West Side contends the *only* circumstance under which the employer loses the right to direct a claimant's medical care is if the employer denies liability. West Side points out that it does not contest liability for the treatment that Cordell seeks in North Carolina. Rather, West Side only seeks to direct the care of Cordell in North Carolina. In short, West Side insists it has the right to designate the provider of such medical care.

**III.** Whether West Side is correct hinges on our interpretation of section 85.27, the alternate medical care provision, which provides in relevant part:

> For purposes of this section, the employer is obliged to furnish reasonable services and supplies to treat an injured employee, and has the right to choose the care. *The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee.* If the employee has reason to be dissatisfied with the care offered, the employee should communicate the basis of such dissatisfaction to the employer, in writing if requested, following which the employer and the employee may agree to alternate care reasonably suited to treat the injury. *If the employer and the employee cannot agree on such alternate care, the commissioner may, upon application and reasonable proofs of the necessity therefor, allow and order other care.*

(Emphasis added.)

Under the plain wording of the statute, the employer, here West Side, has the right to select the care of the claimant, here Cordell. *See City of Waukee v. City Dev. Bd.*, 590 N.W.2d 712, 717 (Iowa 1999) (when interpreting statutes, "we give precise, unambiguous language its plain and rational meaning in light of the subject matter"). However, we think this is a qualified right because the treatment must be (1) prompt, (2) reasonably suited to treat the injury, and (3) without undue inconvenience to the claimant. We hold that, if the treatment the employer offers fails to meet any one of these qualifications, the commissioner has the authority to order alternate care, including care from a doctor chosen by the claimant.

Our interpretation finds support in the following language of section 85.27: "If the employer and the employee cannot agree on such alternate care, *the commissioner may, upon application and reasonable proofs of the necessity therefor, allow and order other care.*" (Emphasis added.) Here, Cordell followed the statutory procedure in section 85.27. He was dissatisfied with the treatment offered by West Side because the treatment was at an inconvenient distance from his home in North Carolina. West Side refused Cordell's request to be treated in North Carolina. Because of this impasse, Cordell filed the second petition for alternate medical care.

After hearing the evidence, the deputy found that West Side had indeed refused to provide, contrary to the statute, care in a manner that was reasonable to treat Cordell's injury without undue inconvenience to Cordell. West Side takes no issue with this factual finding. *See Pirelli–Armstrong Tire Co. v. Reynolds,* 562 N.W.2d 433, 436 (Iowa 1997) (holding that determining what care is reasonable under Iowa Code section 85.27 is a question of fact). Having made this now uncontro-verted finding, the deputy was well within his statutory authority to "allow and order other care." We think the language "allow and order other care" is broad enough to include treatment by a doctor of Cordell's choosing. *See Teel v. McCord,* 394 N.W.2d 405, 406–07 (Iowa 1986) (holding that the workers' compensation act is to be liberally construed in the employee's favor and any doubt in its construction is thus resolved in favor of the employee). Therefore, contrary to West Side's contention, the deputy correctly concluded that West Side had "lost the right to choose the care."

The result we reach moots Cordell's motion to strike portions of West Side's proof brief and designation of parts of the appendix.

**AFFIRMED.**