Lynn **KLOSTER**, Appellant,

v.

**HORMEL FOODS CORPORATION**,
Appellee.

No. 98–926.

Supreme Court of Iowa.

June 1, 2000.

Dennis M. Lawyer of Lawyer, Lawyer & Associates, and Alan O. Olson of the Law Office of Alan O. Olson, Des Moines, for appellant.

Richard C. Bauerle and Allan C. Orsborn of Orsborn, Bauerle & Milani, L.L.P., and Gayla R. Harrison, Ottumwa, for appellee.

SNELL, Justice.

Plaintiff, Lynn Kloster, appeals the district court decision to deny his motion for a new trial. Defendant, Hormel Foods Corporation, cross-appeals on the ground the trial court did not have authority to hear a claim for tortious interference with medical care. The cross-appeal is sus-

tained, the verdict is vacated, and the case is remanded for dismissal.

## I. Background Facts and Proceedings

Lynn Kloster was employed by Hormel Foods Corporation from June 6, 1977, until the date of his termination on February 17, 1995. During the latter stages of his tenure Kloster worked as a shipping and receiving clerk. In this capacity Kloster was required to drive a forklift and to perform numerous tasks which required heavy lifting. On January 30, 1995, Kloster sustained an injury to his lower back while stacking boxes. Kloster informed his supervisor and later requested an appointment with a physician. The following day Hormel sent Kloster to see Dr. Larry Formanek, a chiropractor frequently retained by Hormel.

Dr. Formanek performed a series of tests after which Kloster was diagnosed with discitis and lumbar strain. Dr. Formanek signed a document to this effect indicating Kloster was not to go back to work prior to a follow-up examination scheduled for 10:00 a.m. on February 1.

Kloster notified his manager, David Longacre, who allegedly became enraged, and ordered Kloster to return to work the next morning. Kloster did as he was told, but kept his appointment with Dr. Formanek. After the second examination Kloster's work restriction was removed. Unofficially, Hormel agreed to place Kloster on light duty if he continued to experience further pain.

Over the course of the next several weeks Kloster complained of soreness and discomfort. He was assigned menial chores and continued to seek treatment on a regular basis. From February 1 through February 13, the record indicates Kloster routinely arrived for work at 7:00 a.m., left to see Dr. Formanek at 10:00 a.m., and then went home for the day. Pursuant to agreements with the union, Kloster was paid for a full eight-hour workday. Hormel later discovered, however, that Kloster's appointments were ac-

tually scheduled on alternate days in the afternoon. Hormel confronted Kloster about his unexcused absences from work, and terminated his employment for gross misconduct.

Kloster filed suit alleging improper interference with medical care and retaliatory discharge. Kloster averred Hormel conspired with Dr. Formanek to define his injury in a manner that would permit the company to avoid filing "lost time" reports with state and federal agencies. At trial, Dr. Formanek testified Kloster was cleared to return to full duty subsequent to the February 1 examination, and that Hormel had not unduly pressured him to lift the work restrictions initially imposed. The jury ruled in favor of the defendant on the charge of retaliatory discharge, but determined Hormel had in fact intentionally and improperly interfered with Kloster's medical care. The jury did not, however, find Kloster sustained any actual damages as a result of Hormel's conduct.

Kloster subsequently filed a motion asking the court to recognize nominal damages as a matter of law, and to grant a new trial on the issue of punitive damages. The motion was denied and Kloster appealed. On cross-appeal, Hormel argues the State of Iowa does not recognize a tort for improper interference with medical care. It contends Kloster's only remedy for the alleged misconduct lies with the industrial commissioner in a workers' compensation proceeding.

Because Hormel's assertion the district court lacked jurisdiction is dispositive, we decline to address the other issues presented.

## II. Scope of Review

■■■ Defendant challenges the authority of the district court to hear a cause of action presumably within the province of the industrial commissioner. Questions of jurisdiction, authority, and venue are legal issues to be reviewed for correction of errors at law. *State v. Clark*, 608 N.W.2d

5, 7 (Iowa 2000). A challenge of this nature may be made at any time. *State v. Mandicino,* 509 N.W.2d 481, 482 (Iowa 1993).

### III.  Discussion

■ Defendant posits the district court lacked jurisdiction to hear the case with regard to the claim of intentional and improper interference with medical care. Specifically, Hormel maintains the cause of action was little more than an attempt to assert Kloster's patent dissatisfaction with the reasonableness of care provided. Hormel believes the proposed tort should have been classified as a workers' compensation claim, and brought before the industrial commissioner in accordance with Iowa Code section 85.27. Because Kloster failed to initiate an administrative hearing, Hormel avers the trial court was without authority to try the matter.

Workers' compensation claims are governed by Iowa Code chapter 85. Section 85.27 delineates the responsibilities of the employer. It provides:

> The employer, for all injuries compensable under this chapter or chapter 85A, shall furnish reasonable surgical, medical, dental, osteopathic, chiropractic, podiatric, physical rehabilitation, nursing, ambulance and hospital services and supplies therefor and shall allow reasonably necessary transportation expenses incurred for such services. . . .
>
> For purposes of this section, the employer is obliged to furnish reasonable services and supplies to treat an injured employee, and has the right to choose the care. The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee. If the employee has reason to be dissatisfied with the care offered, the employee should communicate the basis of such dissatisfaction to the employer, in writing if requested, following which the employer and the employee may agree to alternate care reasonably suited to treat the injury.

Section 85.27 further provides:

> If the employer and employee cannot agree on such alternate care, the commissioner may, upon application and reasonable proof of the necessity therefor, allow and order other care. . . . . An application made under this paragraph shall be considered an original proceeding for purposes of commencement and contested case proceedings under section 85.26. The hearing shall be conducted pursuant to chapter 17A. Before a hearing is scheduled, the parties may choose a telephone hearing or an in-person hearing. A request for an in-person hearing shall be approved unless the in-person hearing would be impractical because of the distance between the parties to the hearing. The industrial commissioner shall issue a decision within ten working days of receipt of an application for alternate care made pursuant to a telephone hearing or within fourteen working days of receipt of an application for alternate care made pursuant to an in-person hearing. The employer shall notify an injured employee of the employee's ability to contest the employer's choice of care pursuant to this paragraph.

Iowa Code § 85.27 (1997).

Kloster insists his claim is not preempted by section 85.27. He emphasizes the argument that Hormel hired Dr. Formanek, that it improperly influenced him to remove Kloster's medical restrictions, and that it did so for the purpose of avoiding "lost time" penalties and filing requirements with OSHA. Plaintiff maintains this is tantamount to Hormel substituting its own medical judgment for that of a licensed professional, and that this abrogates the right of an injured employee to enjoy an unfettered doctor/patient relationship.

Kloster's claim squarely falls within the ambit of chapter 85. Although Kloster takes a novel approach to bypass the pro-

visos imposed by the workers' compensation statute, Kloster is in essence averring Dr. Formanek's medical judgment was compromised, that he was not able to fulfill his obligations under the Hippocratic oath, and that he unjustifiably lifted the work restrictions.

Section 85.27 provides that an employee who is dissatisfied with the reasonableness of care proffered may petition the industrial commissioner for relief. *See id.* Although Kloster notes he was not dissatisfied with the course of treatment received, he was clearly dissatisfied with the relationship between Formanek and Hormel, and perceived that a lack of objectivity resulted.

A patient has a right to expect health care professionals will make decisions based on sound, qualified medical judgment. When a physician acts contrary to the best interests of a patient, these acts or omissions undermine the public trust, and may rise to the level of malpractice. This necessarily calls into question the reasonableness of care.

Characterizing plaintiff's tort claim in this manner, it is readily apparent Kloster had recourse under the statutes to request alternate care with a physician he could trust to diagnose his condition, and to evaluate his ability to perform appropriate tasks at work. Plaintiff, however, did not raise his claim before the industrial commissioner as required by section 85.27. Section 85.27 states that claims made thereunder are to be adjudicated pursuant to the Iowa Administrative Procedure Act. *Id.; see* Iowa Code ch. 17A. This is the exclusive remedy for injured employees seeking relief. Iowa Code § 85.20; *Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98, 100 (Iowa 1983).

The judicial review procedures of chapter 17A provide that only persons who have first exhausted all adequate administrative remedies are entitled to judicial review of agency action. Iowa Code § 17A.19(1). Kloster did not exhaust or pursue the administrative remedies at his disposal. The district court therefore lacked authority to entertain the action. We sustain the cross-appeal, vacate the verdict of the jury with respect to this tort claim, and remand for dismissal of the plaintiff's petition.

**VACATED AND REMANDED ON CROSS–APPEAL.**

All justices concur except McGIVERIN, C.J. and LAVORATO, J., who take no part.