**Marianne GOOD and Ray Good, Plaintiffs–Appellants,**

v.

**TYSON FOODS, INC., Anthony Karnes, Martin Chapa, Rick Gleason, and Mike Grothe, Defendants–Appellees.**

Nos. 8–307/07–0475.

Court of Appeals of Iowa.

June 11, 2008.

---

David A. O'Brien of Willey, O'Brien, L.C., Cedar Rapids, for appellants.

Mark McCormick, Michael R. Reck, and Margaret C. Callahan of Belin Lamson McCormick Zumbach Flynn, P.C., Des Moines, for appellees.

Considered by VOGEL, P.J., and ZIMMER, J., and BEEGHLY, Senior Judge.*

BEEGHLY, Senior Judge.

## I. Background Facts & Proceedings

Marianne Good was employed by Tyson Foods, Inc. on December 16, 2003, when a hog carcass fell on her right shoulder and arm. Marianne claimed her supervisor, Martin Chapa, would not permit her to see the plant nurse. Marianne continued working.[1] On January 19, 2004, Marianne went to the employer's Human Resources Department and complained about not getting medical care for her injury. She saw the plant nurse that day, and conservative treatment was recommended.

Marianne continued to see the plant nurse until February 11, 2004, when she was sent to see a physician. After continued conservative treatment was not successful, Marianne eventually had surgery on her elbow and shoulder. Tyson Foods paid Marianne's medical expenses and workers' compensation benefits.

On December 9, 2005, Marianne and her husband, Ray Good, filed suit against Tyson Foods, Chapa, and other supervisors at the company. The Goods alleged the supervisors had engaged in gross negligence by consciously refusing to provide Marianne with necessary medical treatment. The Goods alleged defendants' refusal to provide prompt medical care breached their duty of good faith.[2] Ray claimed loss of consortium.

Defendants filed a motion for summary judgment, claiming Marianne's exclusive remedy was under the workers' compensation laws, and because of this Ray's claim must also fail. The Goods resisted the motion and sought relief pursuant to Iowa Rule of Civil Procedure 1.981(6), which permits a continuance of a motion for summary judgment for further discovery. Defendants filed a motion seeking to stay discovery until the court ruled on the motion for summary judgment.

The district court granted the motion for summary judgment. The court stated that if Marianne was dissatisfied with the medical care she received for her work-related injury, her exclusive remedy was within workers' compensation law, Iowa Code chapter 85 (2005). The court found

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2007).

1. Marianne took leave from Tyson Foods from January 7 to 14, 2003, to care for an injured granddaughter.

2. The petition also included a claim that defendants had violated Marianne's rights under the Family and Medical Leave Act, but plaintiffs later voluntarily dismissed this claim.

she could not pursue a separate remedy against her employer and supervisory employees. The court stated, "Further discovery would not change this outcome because the exclusivity of the Workers' Compensation Act comprehends all of the injuries for which Ms. Good is now making a claim." Plaintiffs appeal the district court's decision.

## II. Standard of Review

■ We review the district court's ruling on a motion for summary judgment for the correction of errors at law. *See* Iowa R.App. P. 6.4. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Kistler v. City of Perry,* 719 N.W.2d 804, 805 (Iowa 2006). A court should view the record in the light most favorable to the non-moving party. *Eggiman v. Self–Insured Servs., Co.,* 718 N.W.2d 754, 758 (Iowa 2006).

## III. Merits

A. The Goods contend the district court erred in finding Marianne's exclusive remedy was through workers' compensation law. The district court stated, "if Ms. Good had any dissatisfaction with the care she was provided for her work-related injury, her exclusive remedy was by way of § 85.27(4)." The Goods claim section 85.27(4) applies only when an employee is provided with medical care, and is unsatisfied with that care.[3] They assert the section does not apply in the present situation, where an employee was denied medical care for a period of time.

■ Generally, if an employee's injury arises out if and in the course of em-

ployment, workers' compensation law provides the employee's exclusive remedy against the employer. Iowa Code § 85.20; *Thayer v. State,* 653 N.W.2d 595, 599 (Iowa 2002). When workers' compensation law does not provide an adequate remedy for an injured employee, then the claim falls outside the exclusivity provision and the employee may file a tort suit. *See Wilson v. IBP, Inc.,* 558 N.W.2d 132, 137 (Iowa 1996) (finding claims of slander and breach of fiduciary duty were torts independent of workers' compensation law). A claim of dissatisfaction with employer-provided medical care, however, comes within the exclusivity provision. *Id.* at 138.

■ Section 85.27(4) provides in part:

For purposes of this section, the employer is obliged to furnish reasonable services and supplies to treat an injured employee, and has the right to choose the care.... The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee. If the employee is dissatisfied with the care offered, the employee should communicate the basis for such dissatisfaction to the employer, in writing if requested, following which the employer and the employee may agree to alternate care reasonably suited to treat the injury. If the employer and employee cannot agree on such alternate care, the commissioner may, upon application and reasonable proofs of the necessity therefore, allow and order other care.

The employer must provide medical treatment that is (1) prompt, (2) reasonably suited to treat the injury, and (3) without undue inconvenience to the claimant. *West Side Transport v. Cordell,* 601 N.W.2d 691, 693 (Iowa 1999). If the em-

---

**3.** The Goods make no distinction between the claims made against the employer and the claims made against the co-employees. *See* Iowa Code § 85.20. Therefore, we also make no distinction in the claims.

ployer does not offer prompt medical treatment, the workers' compensation commissioner may order alternate care. *See R.R. Donnelly & Sons v. Barnett,* 670 N.W.2d 190, 195 (Iowa 2003).

In *Harned v. Farmland Foods, Inc.,* 331 N.W.2d 98, 99 (Iowa 1983), an employee filed a tort suit claiming his employer engaged in an intentional tort by refusing to pay for requested chiropractic care. The supreme court concluded, "The facts here suggest plaintiffs' claim was simply one of failure to provide requested care. There is nothing to indicate an intentional tort." *Harned,* 331 N.W.2d at 101. The court determined the employee's exclusive remedy was through workers' compensation law. *Id.*

Also, in *Kloster v. Hormel Foods Corp.,* 612 N.W.2d 772, 773 (Iowa 2000), an employee filed a tort suit claiming the employer improperly interfered with his medical care by pressuring his physician to lift his work restrictions. The supreme court determined, "Kloster's claim squarely falls within the ambit of chapter 85." *Kloster,* 612 N.W.2d at 774. The court noted that an employee who is dissatisfied with medical care may petition for alternate care. *Id.* at 775. The court concluded the employee's exclusive remedy was under workers' compensation law. *Id.*

 The Goods claim defendants failed to provide Marianne with prompt medical care. Section 85.27(4) provides an adequate remedy for an employee dissatisfied with the employer's delay in providing care. Claims of dissatisfaction with care, including claims of failure to provide requested care, come under workers' compensation law. *Id.*; *Harned,* 331 N.W.2d at 101. We conclude the workers' compen-

sation law provided the exclusive remedy for Marianne's claims.[4]

 **B.** Plaintiffs claim the district court should have granted their motion for a continuance under rule 1.981(6) to allow them to conduct additional discovery. Rule 1.981(6) provides:

Should it appear from the affidavits of a party opposing the motion that the party for reasons stated cannot present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A district court's ruling on a motion for a continuance under this rule is reviewed for an abuse of discretion. *Kulish v. Ellsworth,* 566 N.W.2d 885, 889–90 (Iowa 1997).

 A party seeking a continuance under rule 1.981(6) must "state reasons why facts essential to justify a resistance cannot be presented." *Bitner v. Ottumwa Cmty. Sch. Dist.,* 549 N.W.2d 295, 301 (Iowa 1996). The party must "set forth by affidavit the reasons why it cannot proffer evidentiary affidavits and what additional factual information is needed to resist the motion." *Id.* The failure to file an affidavit presents sufficient grounds to reject a claim that the opportunity for discovery was inadequate. *Id.* at 302. The Goods did not file an affidavit setting forth the reasons why additional factual information was needed to resist the motion for summary judgment, and their motion for a continuance could be denied on this ground alone.

 The district court ruled, however, that further discovery would not change

---

**4.** The parties agree that if Marianne's tort claims fail, the loss of consortium claim of

her husband fails as well. *See Johnson v. Farmer,* 537 N.W.2d 770, 773 (Iowa 1995).

the outcome of the court's decision because the Goods' claims were deficient on legal grounds. Where a controversy raises legal, not factual, issues, there is little need for further discovery. *See Kulish,* 566 N.W.2d at 890. We conclude the district court did not abuse its discretion by denying plaintiffs' motion for a continuance under rule 1.981(6).

We affirm the decision of the district court.

**AFFIRMED.**