# IN THE COURT OF APPEALS OF IOWA

No. 16-0343
Filed February 8, 2017

**AURA DARABA,**

      Plaintiff-Appellant,

**vs.**

**JEFFREY J. STURDIVANT, D.D.S, and DRS. STURDIVANT and MANN, P.C. d/b/a SMILE ORTHODONTICS,**

      Defendants-Appellees.

_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson, Judge.

A medical malpractice plaintiff appeals the district court's decision to grant summary judgment to the defendants. **AFFIRMED.**

Aura Daraba, Ames, pro se appellant.

Roland D. Peddicord and Joseph M. Barron of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, LLP, West Des Moines, for appellees.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Aura Daraba appeals the district court's order that granted the motion for summary judgment filed by Jeffrey J. Sturdivant, D.D.S., and Drs. Sturdivant and Mann, P.C., d/b/a Smile Orthodontics (Dr. Sturdivant). Daraba asserts various reasons why summary judgment was not proper in this case, and she asks that we reverse and remand the matter for trial.

Daraba consulted with Dr. Sturdivant for a misalignment of her teeth starting in April 2010. In order to correct her alignment, Daraba needed oral surgery. Daraba sought consultation with multiple oral surgeons over the course of the next two years. She ultimately settled on a surgeon who proposed operating on her upper and lower jaw. Daraba alleges as the basis for her malpractice action that Dr. Sturdivant failed to properly prepare her for surgery on her upper and lower jaw, requiring an additional eleven months of orthodontic treatment with another orthodontist before she was able to undergo surgery.

Daraba filed a lawsuit against Dr. Sturdivant on July 1, 2014, alleging claims of medical negligence, res ipsa loquitur,[1] lack of informed consent, and medical battery. Over a year after the lawsuit was filed, Dr. Sturdivant filed his motion for summary judgment, asserting Daraba lacked an expert opinion to support any of her claims. After a hearing, the court issued its ruling on January 28, 2016, granting Dr. Sturdivant's motion for summary judgment on all claims. Daraba appeals.

---

[1] "Res ipsa loquitur is a rule of evidence which, when applied, permits, but does not compel, an inference that a defendant was negligent." *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 166 (Iowa 1992).

We review the district court's ruling on a motion for summary judgment for correction of errors at law. *Estate of Gray ex rel. Gray v. Baldi*, 880 N.W.2d 451, 455 (Iowa 2016). To the extent Daraba challenges the district court's grant of her counsel's motion to withdraw or the court's denial of her motion to continue the hearing on the motion for summary judgment, our review is for an abuse of discretion. *See State v. Brooks*, 540 N.W.2d 270, 272 (Iowa 1995) (motion to withdraw as counsel); *Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa 2008) (motion to continue).

"Generally, when the ordinary care of a physician is an issue, only experts can testify and establish the standard of care and the skill required." *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 165 (Iowa 1992). Expert testimony may not be necessary if "the physician's lack of care [is] so obvious as to be within comprehension of a layman" or if "the physician injured a part of the body not involved in the treatment." *Id.* (citation omitted). As the district court correctly noted, these exceptions to providing an expert opinion in a medical negligence action are not applicable here. There was no allegation another part of Daraba's body was injured by Dr. Sturdivant's care nor is a lay person able to understand Daraba's allegations that Dr. Sturdivant provided improper orthodontic care.

Without expert testimony, Daraba cannot establish the standard of care or a causal relationship between Dr. Sturdivant's actions and her allegations of harm. *See id.* (setting out the prima facie elements of a medical negligence case). Likewise, an expert opinion was necessary for Daraba to establish her claims of res ipsa loquitur, lack of informed consent, and medical battery. *See id.* at 167 (noting expert opinion is needed for res ipsa loquitur if the foundational

facts are outside the common experience of lay persons); *id.* at 166 ("[A] claim of lack of informed consent is an issue beyond the common knowledge of laypersons and requires expert evidence."); *id.* at 164 (noting expert opinion is needed in a medical battery case to prove the treatment provided was a totally different type of treatment than what the plaintiff consented to).

Daraba asserts there is a material fact in dispute, which prevents summary judgment, but she fails to inform this court what that material fact is. She also claims the case was not ripe for summary judgment because she needed additional time to start discovery, the court should not have allowed her attorney to withdraw, there was an improper ex parte communication between defense counsel and the court, and Dr. Sturdivant's affirmative defenses were inadequate. We note the case had been on file since July 2014. By the time of the summary judgment hearing, the deadline for Daraba to designate an expert witness had passed. We conclude the motion for summary judgment was not premature. Likewise, her counsel's withdrawal, the alleged ex parte communication, and the adequacy of Dr. Sturdivant's affirmative defenses do not impact the district court's grant of summary judgment in light of Daraba's failure to provide expert testimony to support her claim.

We affirm the district court's decision.

**AFFIRMED.**