# IN THE COURT OF APPEALS OF IOWA

No. 16-1679
Filed September 13, 2017


**ESTATE OF BRANDY NICOLE STOUTENBERG, by its Administrator, JESSICA STOUTENBERG, EMINA MARIE BRKOVIC, by Estate of Brandy Stoutenberg, by its Administrator Jessica Stoutenberg, and DEANNA MARIE MCGILLAN,**
        Plaintiffs-Appellants,

**vs.**

**UNITED ANESTHESIA & PAIN CONTROL, P.C., IOWA HEALTH-DES MOINES; CENTRAL IOWA HOSPITAL CORPORATION; IOWA HEALTH PHYSICIANS; IOWA HEALTH PHYSICIANS AND CLINICS; IOWA HEALTH SYSTEM; CENTRAL IOWA HEALTH SYSTEM; and IOWA HEALTH SYSTEM HOSPITAL CORPORATION,**
        Defendants-Appellees.
_____


        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.


        Plaintiff appeals the district court's denial of its second motion to amend and the denial of a motion to continue summary judgment. **AFFIRMED.**


        Marc S. Harding of Harding Law Office, Des Moines, for appellant.

        Loree A. Nelson, Barry G. Vermeer, and Annmarie M. Kelly of Gislason & Hunter, L.L.P., Des Moines, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

The estate of Brandy Stoutenberg, and others, appeal the district court's denial of a continuance and motion to amend. We find the district court did not abuse its discretion in denying the motion to amend and in refusing to grant a continuance. We affirm the district court.

## I. Background Facts and Proceedings

Stoutenberg died September 11, 2010, at the age of twenty four, due to mixed-drug intoxication. The plaintiffs initiated a wrongful death lawsuit on August 29, 2012. The suit alleged Dr. Daniel J. Baldi, D.O., prescribed a lethal combination of pain medication. The petition also alleges Dr. Baldi was acting as an agent of United Anesthesia & Pain Control, P.C. (United), and therefore, United was liable for damages under the doctrine of repondeat superior. The petition listed several other corporations as defendants, including Iowa Health Physicians (Iowa Physician), but did not specifically allege vicarious liability claims against them.

The case was stayed due to criminal charges relating to Dr. Baldi's care of Stoutenberg. After Dr. Baldi was acquitted, an order was entered on March 16, 2015, setting the wrongful death trial for October 24, 2016. Discovery began, and on April 11 the plaintiff's expert, Gordon A. Beardwood, M.D., was deposed. During the deposition, Dr. Beardwood opined Dr. Baldi's prescriptions had not caused Stoutenberg's death. Dr. Beardwood believed the drugs Effexor, Adderall, and Xanax caused Stoutenberg's death. The drugs had not been prescribed by Dr. Baldi but by Shehzad Kamran, M.D., a psychiatrist working for Iowa Physician.

On June 2, the defendants filed a motion for summary judgment. Plaintiffs then moved, on June 22, to amend their petition to substitute a vicarious liability claim for the actions of Dr. Kamran in place of the actions of Dr. Baldi. The plaintiffs did not seek to amend the petition to include Dr. Kamran as a defendant. The plaintiffs also requested a continuance in order to conduct further discovery. On September 9, the district court denied the plaintiffs' motion to amend and granted the defendants' motion for summary judgment. The plaintiffs appeal.

## II. Standard of Review

Leave to amend pleadings should be given freely when justice so requires. Iowa R. Civ. P. 1.402(4). When reviewing the denial of a motion for leave to amend, we examine the decision of the district court for an abuse of discretion. *See Porter v. Good Eavespouting*, 505 N.W.2d 178, 180 (Iowa 1993). Similarly, a district court's ruling on a motion to continue summary judgment to allow for additional discovery is reviewed for an abuse of discretion. *Kulish v. Ellsworth*, 566 N.W.2d 885, 889 (Iowa 1997)

## III. Motion to Amend

The plaintiffs sought to amend their motion to replace the actions and prescriptions of Dr. Baldi with the actions and prescriptions of Dr. Kamran after the statute of limitations had expired. Our supreme court has held amendments should be generally allowed "although an amendment is not permissible which will substantially change the issue." *Meincke v. Nw. Bank & Trust Co.*, 756 N.W.2d 223, 229 (Iowa 2008) (quoting *M-Z Enters., Inc. v. Hawkeye–Sec. Ins. Co.*, 318 N.W.2d 408, 411 (Iowa 1982)). The plaintiffs did not seek to add Dr.

Kamran and instead pursued only a claim of vicarious liability against Dr. Kamran's employer, Iowa Physician, who had been included as a defendant in the initial petition.

The district court found the amendment would "add an entirely new claim, one that substantially changes the issues in the case." The plaintiffs claim the issue is not substantially different as it is a still a claim of vicarious liability regarding malpractice in prescribing drugs. We agree with the district court. The district court properly analogized:

> The attempted amendment would be the equivalent of a plaintiff who has sued the owner of a car on the basis of the owner's responsibility for an accident involving a driver operating the owner's car with the owner's permission, seeking to change the basis of the claim to a completely different accident involving a different driver and seeking to do so only after the owner had completed its investigation and discovery based on the originally alleged accident.

While the amendment would not change the type of claim, vicarious liability relating to improperly prescribed drugs, the plaintiffs' attempted amendment seeks to change the specific actions, actors, and cause of death. In other words, the amendment would substantially change the specific issues involved in the litigation. We affirm the district court and find no abuse of discretion.

## IV. Continuance

The plaintiffs filed a resistance to the defendants' motion for summary judgment. In the resistance the plaintiffs claimed a continuance on the motion for summary judgment was needed in order to determine essential facts and finish discovery. The plaintiffs properly submitted an affidavit alleging a lack of "facts

essential to justify the opposition" and asking the court to "refuse the application for judgment or [ ] order a continuance to permit . . . discovery." *See* Iowa R. Civ. P. 1.981.

The plaintiffs requested a continuance to obtain more information on the defendants' procedures, policies, and conduct in overseeing prescriptions. However, when "a controversy raises legal, not factual, issues, there is little need for further discovery." *Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 47 (Iowa Ct. App. 2008). We determine the motion for summary judgment was properly granted. No amount of discovery could remedy the legal defects in the unmodified petition. Without expert testimony implicating Dr. Baldi, the plaintiffs could not establish a prima facie case, and therefore, the controversy raised only legal issues. Therefore, further discovery was unwarranted and the district court did not abuse its discretion by denying a continuance.

**AFFIRMED.**