# IN THE COURT OF APPEALS OF IOWA

No. 19-0080
Filed January 23, 2020

**FOREX ISRAEL, VP LTD.,**
    Plaintiff-Appellant,

**vs.**

**CEDAR RAPIDS BANK and TRUST COMPANY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

The plaintiff appeals from the ruling granting the defendant's motion for summary judgment, challenging the district court's decisions to deny in part the plaintiff's motion for a continuance and to deny plaintiff's request to amend its petition a third time. **AFFIRMED.**

Rockne O. Cole of Cole Law Firm, PC, Iowa City, for appellant.

Joseph E. Schmall, Laura M. Hyer, and Matthew G. Barnd of Bradley & Riley PC, Cedar Rapids, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

This case arises from the business relationship between Forex Israel, VP LTD. (Forex) and 9X Data Services LLC (9X Data). Forex operates a check-cashing business in Israel. It had an unsigned contract with 9X Data, whereby 9X Data would process checks for which Forex had advanced funds. From 2015 to 2017, 9X Data held several accounts with Cedar Rapids Bank and Trust Company (the Bank).

According to Forex's allegations, 9X Data breached their contract by failing to remit $332,001.09 to Forex. Based on the alleged breach, Forex brought suit against 9X Data in June 2017. In the same suit, Forex also brought claims against the Bank. Forex alleged the Bank was "negligent in its investigation of 9X Data prior to agreeing to serve as financial institution." Forex also sought the establishment of a constructive trust over funds assumed to be in 9X Data's accounts at the Bank.

The district court entered default judgment on June 29, 2018, against 9X Data in the amount of $332,000 for failure to appear or file a response.

Shortly thereafter, in August 2018, the Bank moved for summary judgment. The Bank maintained Forex's constructive-trust claim failed because the Bank did not have the funds Forex sought and because Forex failed to comply with the requirements of Iowa Code section 524.808 (2017). The Bank contended Forex's negligence claim failed as a matter of law, both because the loss alleged by Forex was "only economic" and because the Bank did not owe a duty to Forex. In support of its motion, the Bank filed a statement of undisputed facts, which included the following:

5.  Forex is not, and has never been, a customer of the Bank or in any contractual relationship with the Bank.

6.  Forex had an unsigned contract with 9X [Data] whereby 9X would process checks for which Forex had advanced funds.

7.  9X [Data] breached this contract by not remitting funds 9X owed Forex according to the terms of their contract.

8.  Forex knew of 9X [Data]'s breach by "late August 2016."

9. From 2015 to 2017, 9X [Data] held multiple accounts with [the Bank].

10.  [Three of those] accounts . . . were closed in 2016.

11.  [One] account . . . remained open with less than $500 until it was closed in May 2017.

12.  On the date Forex filed this action, there were no funds in any 9X [Data] accounts at [the Bank].

13.  No 9X [Data] account at the Bank was or is in Forex's name.

14.  Forex is not authorized to draw on or control any 9X [Data] account at [the Bank].

15.  Forex did not serve [the Bank] with any order restraining the withdrawal of any funds in any 9X [Data] account or bond.

(Citations omitted.)

According to an order filed by the court, Forex's resistance to the Bank's motion for summary judgment was due by August 27, 2018.  Forex did not file a resistance.  Instead, on August 31, it filed a motion to continue the deadline for its resistance.  Forex noted the pretrial stipulated discovery plan allowed until December 15 for depositions to be conducted and November 14 for written discovery to be served while the summary judgment deadline was October 15.  It asked the court to continue the deadline for its resistance until December 15 so it could complete discovery.  In its attached affidavit, Forex indicated it had just served the Bank with a request for production and that it would like to depose and

submit interrogatories to an employee of the Bank.[1]  The Bank resisted the granting of a continuance until December 15 but did not resist a shorter continuance.

On September 4, the court granted the motion in part—giving Forex until September 25 to file a resistance.

On September 24, Forex moved the court for an additional one day to file its resistance, which the Bank did not resist.  The court granted the motion, and Forex filed its resistance to summary judgment on September 26.

On October 17, Forex moved to submit a third amended petition, seeking to relabel its constructive-trust claim as a "breach of fiduciary duty and negligence arising from the Bank's duty as constructive trustee on behalf of Forex" and add an additional claim—conversion—against the Bank.  The Bank resisted.

On November 7, the district court denied Forex's motion to submit a third amended petition, concluding the requested amendments were legally ineffectual on their face and therefore it would be futile to allow the amendments.  Additionally, the court granted the Bank's motion for summary judgment, finding Forex's constructive-trust claim failed as a matter of law:

> The Bank argues that Forex cannot identify any asset in the Bank's possession upon which a constructive trust could be based. The record shows that 9X Data's bank accounts with the Bank held no funds at the time Forex filed this action.  Forex does not dispute this fact.  Instead, Forex argues that a constructive trust was established no later than October 15, 2016, when the Bank was made aware of Forex's claim that it was owed $332,001.00 by 9X Data.
> However, as the Bank points out in its reply, this argument is predicated on a misunderstanding of the nature of constructive trusts.  Constructive trusts exist by virtue of court action.  The court

---

[1] Forex served a request for production of documents on August 31, 2018, fourteen months after initiation of this action.  Forex served interrogatories on October 17, 2018.

is not aware of any authority for the notion that a constructive trust may simply materialize and the subsequent trustee duties self-impose, absent a court's fashioning such a remedy or finding, based on evidence presented, that a constructive trust exists. Forex does not cite to any such authority. Here, the record does not reflect any prior court order or finding which would have established a constructive trust nor does it reflect any pre-existing quasi-trust relationship between the Bank and Forex.

Further, the facts before the court do not now permit it to find, establish, or impose the constructive trust sought by Forex. One who seeks to establish a constructive trust "must actually identify his property which is the subject of the trust, or other property into which it has passed and that it is actually in the possession of the party sought to be charged." As stated earlier, the parties do not dispute that, at the time of filing, the Bank did not possess the $332,001.00 upon which Forex seeks to base the trust; 9X Data's accounts were empty. To establish a constructive trust based on funds currently possessed by the Bank (the Court notes the Bank's general holdings are not established by the record) would be to do so retroactively.

(Citations omitted.)

The court concluded Forex's negligence claim failed as a matter of law because "a bank has no duty to recognize adverse claims to deposit accounts by persons not otherwise authorized to control those accounts," citing Iowa Code section 524.808(1).

Forex appeals.

Here, Forex maintains the district court abused its discretion when it denied in part Forex's motion to continue the deadline for its resistance to the Bank's motion for summary judgment until December 15. Forex also contends the district court abused its discretion when it denied Forex's motion to amend its petition to include a claim of conversion against the Bank. We consider each in turn.

**I. Discussion.**

    **A. Motion to Continue.**

Forex maintains the district court abused its discretion in giving Forex an additional few weeks—instead of the requested months—to resist the Bank's motion for summary judgment. *See Bitner v. Ottumwa Comm. Sch. Dist.*, 549 N.W.2d 295, 302 (Iowa 1996) ("When a party opposing summary judgment files a motion requesting continuance to permit discovery, our review is for abuse of discretion."). "[G]enerally a nonmoving party should have the opportunity to make discovery prior to hearing and ruling on a motion for summary judgment." *Id.* "However, there is no requirement in [Iowa Rule of Civil Procedure 1.981] that summary judgment not be entered until all discovery is completed." *Id.*

Pursuant to Iowa Rule of Civil Procedure 1.981(6),

> Should it appear from the affidavits of a party opposing the motion that the party for reasons stated cannot present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party seeking a continuance under this rule "must 'state reasons why facts essential to justify a resistance cannot be presented.'" *Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa Ct. App. 2008) (citation omitted). "The party must 'set forth by affidavit the reasons why it cannot proffer evidentiary affidavits and what additional factual information is needed to resist the motion.'" *Id.* (citation omitted).

We cannot say the district court abused its discretion. The Bank moved for summary judgment contending that Forex's claims failed as a matter of law.

Forex's request for more time with an affidavit outlining the company's need to develop more facts does not explain why Forex could not respond to the legal claims. *See Kulish v. Ellsworth*, 566 N.W.2d 885, 890 (Iowa 1997) (concluding the plaintiffs' request for a continuance to gather affidavits from experts rang hollow where the controversy at issue raised legal, rather than factual, questions). "Where a controversy raises legal, not factual, issues, there is little need for further discovery." *Good*, 756 N.W.2d at 47. In cases where "[n]o amount of discovery could remedy the legal defects," it is proper to deny a rule 1.981(6) motion to continue. *See Estate of Stoutenber v. United Anesthesia & Pain Control, P.C.*, No. 16-1679, 2017 WL 4049503, at *2 (Iowa Ct. App. Sept. 13, 2017). The district court granted the Bank's motion for summary judgment, determining Forex's constructive-trust and negligence claims failed as a matter of law; Forex does not challenge those legal conclusions on appeal.

**B. Motion to File Amended Petition.**

Forex maintains the district court abused its discretion in denying its motion to file a third amended petition, which would have added a claim of conversion against the Bank. *See Porter v. Good Eavespouting*, 505 N.W.2d 178, 180 (Iowa 1993) ("The trial court has considerable discretion in granting or denying a motion for leave to amend; we will reverse only when a clear abuse of discretion is shown.").

"[A] party may amend a pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires." Iowa R. Civ. P. 1.402(4). While "[a]mendments are the rule and denials the exception," *Ackerman v. Lauver*,

242 N.W.2d 342, 345 (Iowa 1976), "where a proposed amendment to a petition appears on its face to be legally ineffectual, it is properly denied." *Midthun v. Pasternak*, 420 N.W.2d 465, 468 (Iowa 1988).

"Conversion is 'the wrongful control or dominion over another's property contrary to that person's possessory right to the property. The wrongful control must amount to a serious interference with the other person's right to control the property.'" *Lewis v. Jaeger*, 818 N.W.2d 165, 188 (Iowa 2012) (citation omitted).

The district court concluded Forex's claim would fail as a matter of law because it could not show a possessory interest or right to the funds at issue.[2] In making this determination, the court relied upon Iowa Code section 524.808(2), which provides:

> To require a state bank to recognize an adverse claim to, or adverse claim of authority to control, a deposit account, whoever makes the claim must either:
>
> a. Obtain and serve on the state bank an appropriate court order or judicial process directed to the state bank, restraining any action with respect to the account until further order of such court or instructing the state bank to pay the balance of the account, in whole or in part, as provided in the order or process; or
>
> b. Deliver to the state bank a bond, in form and amount and with sureties satisfactory to the state bank, indemnifying the state bank against any liability, loss or expense which it might incur because of its recognition of the adverse claim or because of its refusal by reason of such claim to honor any check or other order of anyone described in paragraphs "a" and "b" of subsection 1 of this section.

---

[2] After the district court denied Forex's motion to amend and granted the Bank's motion for summary judgment, Forex filed a motion to enlarge and reconsider. The district court ultimately denied the motion but first it considered Forex's proposed definition of conversion and concluded that even using Forex's definition, Forex's claim against the Bank would still be legally futile. We consider both the court's ruling denying the motion to amend and the ruling denying the motion to enlarge and to reconsider.

It is undisputed that Forex took neither step.

While Forex maintains it is challenging the court's ruling that its claim of conversion fails as a matter of law, Forex has done nothing to challenge the court's conclusion it could not show a possessory interest in the funds. Instead, Forex sidesteps the issue, maintaining nothing in the statute required the Bank to allow 9X Data to remove its funds in late 2016.[3] Even if Forex was correct in its interpretation of section 524.808, this argument does not support its claim for conversion, as it merely suggests the Bank had a choice of whom to release the funds to—not a duty to release to a certain company nor a duty to bestow a possessory interest on a party claiming a right to the funds.

Moreover, the dilemma for which Forex advocates—the Bank having to choose which of two parties to release the funds—is the exact dilemma section 524.808 is meant to prevent. *See Domain Indus., Inc. v. First Sec. Bank & Trust Co.*, 230 N.W.2d 165, 169 (Iowa 1975) ("The statute was designed to save a bank from deciding at its peril which contesting claimant is entitled to the proceeds of an account it holds for one of them."). "Subsection 2 [of section 524.808] is intended to require litigants to have such claims determined judicially without involving the state bank in the dispute except to the extent that it must obey a specific court order or judicial process directed to the state bank." *Id.* (citing a comment accompanying the statute in the Iowa Code Annotated). In instances where the demand for another party's bank account is "not accompanied by either a court

---

[3] At least we believe that is Forex's argument. In its appellate brief, Forex states: "When Forex presented its demand to [the Bank] for its funds on October 15, 2016, Section 524.808 allowed it to property [sic] refuse to immediately return those funds to Forex."

order or an indemnifying bond, under the statute, [the Bank is] justified in refusing to honor the request." *Id.* at 168 (altered for readability).

As the district court concluded, "Justice does not require parties to be permitted to make futile amendments." Forex has not shown the district court abused its discretion in denying Forex's motion to amend.

**II. Conclusion.**

The district court did not abuse its discretion in partially denying Forex's motion to continue the deadline to file its resistance to summary judgment or in denying Forex's third motion to amend its petition. We affirm.

**AFFIRMED.**