# IN THE COURT OF APPEALS OF IOWA

No. 21-0273
Filed January 12, 2022

**LISA L. NEWELL,**
    Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Kevin McKeever,

Judge.


Lisa Newell appeals an adverse summary judgment ruling. **AFFIRMED.**


Lisa Newell, North Liberty, self-represented appellant.

Pope Yamada of Phelan Tucker Law, L.L.P., Iowa City, for appellee.


Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Lisa Newell appeals an adverse summary judgment ruling, arguing (1) the district court failed to acknowledge the suit was a claim for state tort liability as opposed to a medical malpractice action against a person, (2) additional discovery should have been allowed before the grant of summary judgment, and (3) the court erred in concluding the claim required expert testimony.

## I.     Background

On November 16, 2018, Newell filed a claim with the State Appeal Board, alleging a "tort claim against state employee(s)." While the claim was vague, it stated the agency or department involved was the University of Iowa Hospitals and Clinics (UIHC) and asserted she was denied reimbursement for a defective medical device that was improperly implanted in her person. The claim was denied on January 15, 2019.

On July 24, 2019, Newell filed a petition at law against UIHC, Dr. Troy Rhodes, and Dr. Phillip Horowitz. She asserted a July 14, 2017 surgery conducted by Dr. Rhodes involving the implantation of a medical device in her body was not done correctly, he and UIHC ignored her ensuing complaints, the device had to be replaced, and she was denied reimbursement for the device. The petition stated, "This claim is not a medical malpractice thus excluding plaintiff from having to obtain a medical expert as a witness to testify when malpractice is not the cause of action but in fact breach of promise breach of expressed contract and personal injury claim requesting reimbursement as a result." The counts included in the petition were (1) negligence causing bodily injury resulting from Dr. Rhodes's

alleged faulty surgery and (2) breach of expressed contract and promise resulting from denial of reimbursement.

The State unsuccessfully moved for dismissal. It ultimately filed its answer on October 31. In November, Newell filed a motion to amend the parties to name the State as the sole defendant. In its response, the State agreed with the amendment. The court granted the motion. In December, the court scheduled trial to occur on March 23, 2021. The trial scheduling order incorporated the discovery plan previously filed by Newell, which provided:

> A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the court and all other parties the expert's name, subject matter of expertise, and qualifications, within the following time period, unless the Iowa Code requires an earlier designation date (*see, e.g.*, Iowa Code section 668.11 [2019]):
> (1) Plaintiff: 210 days before trial . . . .
> (2) Defendant/Third Party Plaintiff: 150 days before trial . . . .

In July, the State filed its designation of its expert witness, listing his name, expertise, qualifications, and purpose for calling him as a witness. Three days later, Newell filed her purported designation of expert witnesses, in which she "reserve[d] the right to designate the following witnesses to be called to testify at the time of trial," listing various employees of UIHC as well as the State's expert. In her ensuing "pretrial summary," Newell framed her claims to essentially include (1) UIHC doctors failing to meet the standard of care in diagnosing and treating her, (2) "defamation libel,"[1] and (3) verbal and written breach of promise.

In October, the State filed a motion for summary judgment on Newell's claims of medical negligence and breach of contract related to her reimbursement

---

[1] This purported claim was not forwarded in the petition.

from the manufacturer of her medical implant. As to the medical-negligence claim, pursuant to the discovery plan, Iowa Code section 668.11, and Iowa Rule of Civil Procedure 1.500, the State noted Newell failed to timely designate her expert witnesses and opinions and her untimely purported designation was unaccompanied by the required expert opinions. As such, the State argued Newell could not establish a prima facie case of medical negligence, which requires expert testimony. As to the breach-of-contract claim, the State argued Newell presented no showing of a contract for reimbursement between herself and UIHC; any such contract was between her and the implant manufacturer, to which UIHC was not a party; and she suffered no damages because she did not pay for the implant.

In her resistance, Newell argued she did not need to identify an expert witness and she needed only intend to call one or, alternatively, her claim sounded in res ipsa loquitur[2] and negligence per se, so expert testimony was not required. She essentially argued that ensuring she received a reimbursement from the manufacturer for the cost of the implant was UIHC's responsibility.

In its ensuing ruling, the court addressed the claims forwarded in the petition—medical negligence causing bodily injury and "breach of expressed contract breach of promise." As to the claim of medical negligence, the court found Newell failed to timely identify an expert witness to provide testimony on the standard of care and wholly failed to provide required expert opinions, "[t]he treatment provided . . . is not the type of treatment pursuant to which a physician's

---

[2] The doctrine of res ipsa loquitur provides, "in some circumstances, the mere fact of an accident's occurrence raises an inference of negligence that establishes a prima facie case." *Res Ipsa Loquitur*, *Black's Law Dictionary* (11th ed. 2019).

lack of care is so obvious as to be within the comprehension of a layperson," and there was no "allegation that the physician injured a part of [Newell]'s body not involved in the treatment." As to the breach-of-contract claim, the court found Newell did not establish an issue of fact on the existence of a contract between herself and UIHC. The court granted summary judgment on both claims. Newell filed a motion for reconsideration, which was denied.

Newell appeals, only challenging the entry of summary judgment on her claim of medical negligence.[3]

## II. Standard of Review

"The standard of review for district court rulings on summary judgment is for correction of errors at law." *Kunde v. Est. of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018). Summary judgement is only appropriate when the moving party has shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "An issue of fact is 'material' only when the dispute involves facts which might affect the outcome of the suit, given the applicable governing law." *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015) (quoting *Wallace v. Des Moines Indep. Cmty. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008)). "In determining whether a grant of summary judgment was appropriate, we examine the record in the light most favorable to the nonmoving party, drawing all legitimate inferences that may be drawn from the evidence in his or her favor." *Homan v. Branstad*, 887 N.W.2d 153, 163–64 (Iowa 2016). Summary judgment is appropriate "if the record reveals only

---

[3] Newell offers no substantive challenge to the grant of summary judgment on the contract claim.

a conflict concerning the legal consequences of undisputed facts." *Nelson*, 867 N.W.2d at 6 (quoting *Wallace*, 754 N.W.2d at 857).

**III.     Analysis**

First, Newell argues the court failed "to acknowledge the case is a state liability tort and not a medical malpractice suit against a person." Her argument on this point is limited to the following:

> The complaint alleges that Dr. Rhodes committed a wrongful act causing injury and if the complaint shows there is an act committed that is prohibited by law the complaint cannot be dismissed but summary judgement cannot be allowed against the complainant. The issue of dismissing the complaint for having no merit was already adjudicated in October of 2019 in which the State General Attorney authorized the claim under Iowa Civil Rules of Procedures 669 and was ruled to have merit and would not be dismissed.

The brief substance of the argument defeats her overarching claim. Newell herself agrees her claim is based on alleged negligence of Dr. Rhodes. True, suit is permitted against employees of the State, but only after certain administrative remedies are pursued. *See* Iowa Code § 669.5(1). And the issue of whether the claims had merit was not adjudicated in October 2019; at that point, the court only denied the State's motions to dismiss on claims involving jurisdictional defects. Also, the State did not "authorize[] the claim"; it denied the claim, thus permitting Newell to file suit. Newell's argument on this point has nothing to do with the propriety of the district court's grant of summary judgment. Even if it did, Newell failed to cite any legal authority to support her argument, so we deem it waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

Next, Newell questions us: "Did the district court err in awarding summary judgment to the State?" On this point, she only seems to argue she should have

been allowed to engage in further discovery prior to the entry of summary judgment. In her brief resisting summary judgment, Newell simply argued "the [d]iscovery process was not complete," and she desired "information to prove spoliation of evidence." The court did not address the issue in its summary judgment decision. In her motion to reconsider, Newell again vaguely claimed she needed more time to pursue discovery, again without specific mention of what she sought to pursue.

The rules do not require that all discovery be completed before summary judgment is entered. *Forex Israel, VP LTD. v. Cedar Rapids Bank & Tr. Co.*, No. 19-0080, 2020 WL 377039, at *3 (Iowa Ct. App. Jan. 23, 2020). "The party seeking a continuance under this rule 'must state reasons why facts essential to justify a resistance cannot be presented.'" *Id.* (quoting *Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa Ct. App. 2008)). "The party must set forth by affidavit the reasons why it cannot proffer evidentiary affidavits and what additional factual information is needed to resist the motion." *Id.* (quoting *Good*, 756 N.W.2d at 46). Newell failed to do so here, so she is not entitled to relief now. And "[w]e do not utilize a deferential standard" because she chose to represent herself below and on appeal and did not meet her obligations. *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995).

Lastly, Newell questions "[w]hether the district court correctly ruled as a matter of law that without expert testimony or opinions" that her "claim of professional negligence in the scope of employment" could not survive summary judgment. She first complains the State did not move to compel disclosure of her experts; she was not made known that the State or court required expert testimony;

and, assuming she had been, she should have been provided "an opportunity to request a court appointed expert witness." But the obligations surrounding Newell's designation of an expert fell on her and no one else. *See* Iowa Code § 668.11; Iowa R. Civ. P. 1.500. Next, she complains she should have been authorized "to amend the complaint to conform to the new evidence found in discovery that had relevance to this case and was not allowed." But, as addressed above, there was no basis to allow additional discovery, so there would have been no basis to amend the petition. Newell goes on to point out that "she provided every medical report" involving her treatment and alleged ensuing problems, which generated a fact question through res ipsa loquitur. But we agree with the district court that this surgical procedure involving the placement of a cardiac defibrillator implant involved "highly technical questions of causation" that went "beyond the understanding of a layperson," thus requiring expert testimony. So "we must reject [Newell]'s claim that expert testimony was not required under [this] res ipsa loquitur claim." *Kennis v. Mercy Hosp. Med. Ctr.*, 491 N.W.2d 161, 167 (Iowa 1992). And, again, on this brief point, other than passive references to "Iowa Civil Rules of Procedures 669" and "147.139"[4] and mention of cases from other jurisdictions unaccompanied by explanations of their applicability, Newell fails to cite legal authorities in support of her claims. Filling in the gaps for her "would require us to assume a partisan role and undertake [her] research and advocacy," which is a role "we refuse to assume." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974); *see also* Iowa R. App. P. 6.903(2)(g)(3). While Newell claims

---

[4] Presumably Iowa Code chapter 669 and Iowa Code section 147.139.

her status as a pro se litigant "dictate[s] some type of court direction" and deference, both below and on appeal, when "lay persons choose to proceed pro se, they do so at their own risk," and we do not apply a different standard. *Kubik*, 540 N.W.2d at 63.

## IV.    Conclusion

Finding no cause for reversal on the issues properly presented for our review, we affirm the entry of summary judgment.

**AFFIRMED.**